BRUCE C. DWIGGINS - SBN: 255550
PATRICIA WILSON　- SBN: 103593
**DWIGGINS & WILSON BANKRUPTCY LAW**
405 Redcliff Drive, Suite 100
Redding, CA 96002
Telephone: 530-638-4445
Facsimile:  888-933-8858
Email: Redding@BankruptcyLawyerRedding.com

Attorneys for Involuntary Debtor
Dave R. Michal

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case Number 22-22056 |
| DAVE R. MICHAL, | Chapter 7<br>DCN: DBL-1 |
| | Hearing Date:　October 3, 2022<br>Hearing Time:　9:00 a.m. |
| Involuntary Debtor. | The Hon. Fredrick E. Clement |

**INVOLUNTARY DEBTOR'S REPLY
TO PETITIONING CREDITORS'
OPPOSITION TO HIS MOTION TO DISMISS THE
INVOLUNTARY PETITION FILED AGAINST HIM**

　　1. **Petitioning Creditors should not be allowed to use this Court as their collection agent**.

　　Petitioning Creditors's (hereafter simply referred to as "Creditors") opposition argument relies heavily on the court's discussion in the unpublished decision of *Morabito v. JH, Inc. (In re Morabito*) B.A.P. 9th Cir. 2016) BAP No. NV-14-1593-FBD.  As counsel for Creditors correctly points out, that decision is not binding, but only cited for its persuasive value.

　　The underlying facts giving rise to the judgment Creditors hold are very different from those in the *Morabito* case, and in the cases cited by the Court in *Morabito*, **supra**.  In each of

those cases, the debts arose from contracts between the involuntary debtors and the petitioning creditors, i.e., consensual contractual obligations made by the debtors that they reneged on. It is undisputed that the judgment in this case was not a contractual obligation between involuntary debtor and the petitioning creditors, but an assignment of a debt obtained by Marshall Melton against a joint venture in which Mr. Michal was involved, and against Mr. Michal individually

Creditors admit that in January and February of this year, they noticed an Order of Examination of Mr. Michal, but instead of pursuing it, in June, 2022, allowed Mr. Michal to answer 15 questions via declaration. (See Declaration of Nicholas Scardigli 1:26-to 2:15). They also admit that they did not consider Mr. Michal's answers to be truthful (Deutsch Declaration 2:9-10). However, Creditors have presented no evidence that they made any further investigation of Mr. Michal's assets or income, or made any further collection attempts against Mr. Michal before filing their Involuntary Chapter 7 against him. Instead, they brought their one isolated debt to this bankruptcy court for it to act as their free collection agent.

The law is very clear that, "[I]nvoluntary bankruptcy is not to be used as a forum for the collection of an isolated claim." *In re Murrin*, 477 B.R. 99 106 (D. Minn. 2012). However, that is exactly what Petitioners are trying to do by filing this Involuntary Petition against Mr. Michal. Therefore, Mr. Michal's Motion to Dismiss the Involuntary Bankruptcy for their failure to meet the provisions of 11 U.S.C. §303(b)(1) should be granted.

2. **Filing and Service of Debtor's Motion to Dismiss**. Counsel for Petitioning Creditors argue that Involuntary Debtor's Motion to Dismiss filed and served over a three-day holiday weekend was received one day short of the 28 days before hearing. Assuming, arguendo, that is true, it clearly did not prejudice creditors, as their counsel was able to create and timely file a comprehensive opposition to that motion. Therefore, Involuntary Debtor requests that this Court deny counsel's request to dismiss Debtor's motion on that basis.

Dated: September 26, 2022.

/s/ Patricia Wilson
Attorney for Involuntary Debtor

2