**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
EASTERN District of California

Case number (if known): 22-22056  Chapter ____

☒ Check if this is an amended filing

Official Form 105    AMENDED

# Involuntary Petition Against an Individual

12/15

Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

   *Check one:*
   ☒ Chapter 7
   ☐ Chapter 11

## Part 2: Identify the Debtor

2. **Debtor's full name**

   David
   First name

   R.
   Middle name

   Michal
   Last name

   _____
   Suffix (Sr., Jr., II, III)

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed, married, maiden, or trade names, or *doing business as* names.

4. **Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number (ITIN)**

   ☒ Unknown

   xxx – xx – 8 7 9 9     OR     9xx – xx – ___ ___ ___ ___

5. **Any Employer Identification Numbers (EINs) used in the last 8 years**

   ☒ Unknown

   ___ ___ – ___ ___ ___ ___ ___ ___ ___
   EIN

   ___ ___ – ___ ___ ___ ___ ___ ___ ___
   EIN

Debtor    David R. Michal           Case number (if known) _____

**6. Debtor's address**

**Principal residence**

263 Ironwood Lane
Number    Street

Redding      CA    96003
City          State    ZIP Code

Shasta
County

**Mailing address, if different from residence**

Number    Street

City          State    ZIP Code

**Principal place of business**

Number    Street

City          State    ZIP Code

County

**7. Type of business**

☑ Debtor does not operate a business

*Check one if the debtor operates a business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**8. Type of debt**

**Each petitioner believes:**

☐ **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

☑ No

☐ Yes. Debtor _____ Relationship _____
       District _____ Date filed _____ Case number, if known _____
                                    MM / DD / YYYY

       Debtor _____ Relationship _____
       District _____ Date filed _____ Case number, if known _____
                                    MM / DD / YYYY

Debtor　**David R. Michal**　　　　　　　　　　　　　　Case number *(if known)*_____

## Part 3: Report About the Case

**10. Venue**

Reason for filing in this court.

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

☐ Other reason. Explain. (See 28 U.S.C. § 1408.) _____

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☐ No

☑ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Sarah Halevy | Assignment of Judgment | $ 4,777,759.80 |
| David H. Walker, individually and as trustee of the Sarah H. Walker T | Assignment of Judgment | $ 4,777,759.80 |
| Marjorie B. Walker, individually | Assignment of Judgment | $ 4,777,759.80 |
| | Total | $ 4,777,759.80 |

If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.

Debtor: David R. Michal　　　　　Case number (if known) _____

## Part 4: Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

X _/s/ Sarah Halevy_
Signature of petitioner or representative, including representative's title

Sarah Halevy
Printed name of petitioner

Date signed: 8 / 16 / 2022
MM / DD / YYYY

Mailing address of petitioner:

c/o Robert Duetsch, 1 Page Ave, Suite 200
Number   Street

Asheville　　　　　NC　　28801
City　　　　　　　　State　　ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone _____
Email _____

**Name and mailing address of petitioner's representative, if any**

Name _____

Number   Street _____

City　　　　State　　ZIP Code

**Attorney**

X _/s/_
Signature of attorney

Charles L. Hastings
Printed name

Law Office of Hastings & Ron
Firm name, if any

4719 Quail Lakes Dr., Ste G, PMB #270
Number   Street

Stockton　　　　　CA　　95207
City　　　　　　　State　　ZIP Code

Date signed _____
MM / DD / YYYY

Contact phone (209) 476-1010　　Email chastings@hastingslawoff

Debtor    David R. Michal                         Case number (if known) _____

X *David H Walker* (signature)
Signature of petitioner or representative, including representative's title

**David H. Walker, individually and as trustee**
Printed name of petitioner

Date signed   08 / 16 / 2022
             MM / DD / YYYY

**Mailing address of petitioner**

22 North Dansby Dr.
Number   Street

Galveston       TX    77551
City             State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City      State   ZIP Code

---

X *(signature)*
Signature of Attorney

**Charles L. Hastings**
Printed name

**Law Office of Hastings & Ron**
Firm name, if any

4719 Quail Lakes Dr., Ste G, PMB #270
Number   Street

Stockton            CA    95207
City                State       ZIP Code

Date signed   _____
             MM / DD / YYYY

Contact phone _____ Email _____

---

X *Marjorie B Walker* (signature)
Signature of petitioner or representative, including representative's title

**Marjorie B. Walker, individually**
Printed name of petitioner

Date signed   08 / 16 / 2022
             MM / DD / YYYY

**Mailing address of petitioner**

22 North Dansby Dr.
Number   Street

Galveston       TX    77551
City             State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City       State      ZIP Code

---

X *(signature)* L
Signature of Attorney

**Charles L. Hastings**
Printed name

**Law Office of Hastings & Ron**
Firm name, if any

4719 Quail Lakes Dr., Ste G, PMB #270
Number   Street

Stockton            CA    95207
City                State       ZIP Code

Date signed   _____
             MM / DD / YYYY

Contact phone _____ Email _____

## STATEMENT REQUIRED UNDER BANKRUPTCY RULE 1003(a)

The Petitioning Creditors, who's signatures are below, hereby state they each received an assignment of a judgment against the debtor, David R. Michal. The assignment was not for the purpose of commencing this involuntary case against the debtor. The consideration of the transfer was in settlement of a claim held by each of the undersigned against the previous holder of the judgment.

Dated: 8/16/22

*[signature]*
Sarah Halevy

*[signature]*
David H. Walker, individually and as trustee of the Sarah H. Walker Trust

*[signature]*
Marjorie B. Walker

5/7/24

STATE OF NORTH CAROLINA　　　　FILED　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
COUNTY OF GUILFORD　　　2021 MAY -7 P 2:9　　FILE: 16 CVS 7519
　　　　　　　　　　　　　　　　GUILFORD CO., C.S.C.

Marshall Melton, Investment Property Funds I,
LLC, West Bay Partners, LLC, and Integrated
Consulting & Management, LLC,　　　　　　　**ASSIGNMENT OF JUDGMENT**
　　　　　　　　　　　　　　　　　　　　　　　　**PURSUANT TO N.C.G.S. § 1-246**
　　　Plaintiffs,

vs.

BHB of Georgia, LLC and David R. Michal,

　　　Defendants.

5/10/21

　　　THIS ASSIGNMENT OF JUDGMENT made and entered into this the 26th day of April, 2021, by and between Marshall Melton, individually, Investment Property Funds I, LLC, West Bay Partners, LLC, and Integrated Consulting & Management, LLC (collectively, the "Assignors"), and

Sarah Halevy, David H. Walker, individually, Marjorie B. Walker, individually, and the Sarah H. Walker Trust (the "Trust"), by and through David H. Walker, as Trustee (collectively, the "Assignees");

### WITNESSETH:

**WHEREAS,** on February 10, 2017 an order (the "Order") was entered in Superior Court of Guilford County, North Carolina in the above-identified Superior Court civil action 16 CVS 7519 (the "Civil Action"), in favor of Plaintiffs Marshall Melton individually ("Melton"), Investment Property Funds I, LLC, West Bay Partners, LLC, and Integrated Consulting & Management, LLC, which are owned and controlled solely by Melton (collectively, the "Plaintiffs"), against two of the Defendants in the Civil Action, to wit: David R. Michal ("Michal") and BHB of Georgia, LLC ("BHB"), BHB in turn being solely owned and controlled by Michal, which order imposed joint and several liability on Michal and BHB in the amount of three million, four hundred thousand dollars ($3,400,000.00), plus the costs incurred in the Civil Action and interest accruing on said principal amount at the legal rate until paid; and

**WHEREAS,** the Order concerned enforcement of a certain "MEDIATED SETTLEMENT AGREEMENT" concluding a mediation that occurred on or about April 18 and April 19 of 2016 (the "Settlement Agreement"), between the parties to the Civil Action, which Settlement Agreement reflected the aforesaid debt owed collectively by Defendants to Plaintiffs collectively in the Civil Action; and

**WHEREAS**, the Order was docketed as a final judgment by the Clerk of Superior Court of Guilford County, North Carolina, also on February 10, 2017 (the "Judgment"), said Judgment together with accrued interest at the legal rate, court costs and fees totaling $4,155,143.14 as of November 20, 2019; and

**WHEREAS**, a true and correct copy of the Order is attached hereto as Exhibit A; a true and correct copy of the Guilford County civil case processing system issue/order details—reflecting the docketing of the Order as a judgment—is attached hereto as Exhibit B; and a true and correct copy of the documents showing the balance owing on the Judgment as of November 20, 2019 is attached hereto as Exhibit C; and

**WHEREAS**, Melton has made the following representations:

1. I have not previously assigned all or any portion of the Judgment to any person or entity, and said Judgment is not subject to any liens or encumbrances;
2. Save and except for a sum of approximately $100,000.00 obtained from David Michal and applied against the balance of the Judgment, there has been no payment of principal, interest or court costs to me (Melton) or any other person or entity on account of or creditable to the Judgment;
3. I am authorized to execute this document on behalf of myself individually and, as sole owner and Manager of the LLC Plaintiffs in the Civil Action, on behalf of Plaintiff LLCs;
4. I hereby affirm that all of the above recitals are true and accurate; and
5. I have authority to execute this Assignment individually and on behalf of the Plaintiff LLCs, and that said execution is voluntary and with full understanding of the terms thereof.

**NOW, THEREFORE**, pursuant to N.C.G.S. § 1-246, and for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Assignors hereby assign to the Assignees the Judgment, as well as the right to collect and receive the entire dollar amount thereof, including all lawful interest accruing thereon before and after November 20, 2019, on the following terms and conditions:

1. Enforceability; Division of Collection Proceeds. Assignees shall own the Judgment collectively, to be divided according to the terms of a written agreement between Assignees (the "COLLECTION AGREEMENT").
2. Binding on Successors. The terms of this Assignment shall be binding on the parties hereto and their respective successors in interest.
3. Attorney Fees. In the event that any party shall require legal representation to enforce the terms of this Assignment, the prevailing party shall recover attorney fees and other costs of representation from the non-prevailing party.

This the 26th day of April, 2021.

{12397827}

Assignors:

_____
Marshall Melton, Individually

_____
Investment Property Funds I, LLC
By Marshall Melton, Manager

_____
West Bay Partners, LLC
By Marshall Melton, Manager

_____
Integrated Consulting & Management, LLC
By Marshall Melton, Manager

On the 26th day of April in the year 2021, before me, the undersigned, personally appeared Marshall Melton, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the same instrument, individually and as Manager of the above-named LLCs.

_____ (Seal)

Notary Public

My commission expires: April 22, 2022

{12397827}