**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** David R. Michal     **Case No.:** 22-22056 - A - 7
                                                        **Docket Control No.** DBL-1
                                                        **Date:** 10/03/2022
                                                        **Time:** 9:00 AM

**Matter:** [7] - Motion/Application For Sanctions [DBL-1] Filed by Alleged Debtor David R. Michal (dpas) [7] - Motion/Application for Compensation [DBL-1] by the Law Office of Dwiggins & Wilson Bankruptcy Law for Patricia Wilson, Debtors Attorney(s) (dpas) [7] - Motion/Application to Dismiss Case [DBL-1] Filed by Alleged Debtor David R. Michal (dpas)

**Judge: Fredrick E. Clement**
**Courtroom Deputy: Janice Busch**
**Reporter: Electronic Record**
**Department: A**

---

**APPEARANCES for:**
**Movant(s):**
Involuntary Debtor's Attorney - Patricia Wilson
**Respondent(s):**
(by phone) Petitioning Creditor's Attorney - Charles L. Hastings
(by phone) Interested Party – Robert Deutsch
(by phone) Interested Party – Henry Mangum, Jr.

---

**CIVIL MINUTES**


**Motion:** Motion to Dismiss Involuntary Petition and for Sanctions and Attorneys' Fees
**Notice:** LBR 9014-1(f)(1); written opposition required
**Disposition:** Denied; debtor to file answer not later than October 24, 2022
**Order:** Civil minute order

David R. Michal ("Michal") moves to dismiss an involuntary chapter 7 petition filed against him by Sarah Halevy; David H. Walker, individually and as trustee of the Sarah H. Walker T[rust]; and Marjorie B. Walker (collectively "the petitioning creditors"). Mot. to Dismiss, ECF No. 7. Michal also seeks sanctions, punitive damages, and attorneys' fees in an unspecified amount. *Id.* The petitioning creditors oppose the motion. Oppos., ECF No. 18.

**FACTS**

On August 18, 2022, the petitioning creditors filed an involuntary chapter 7 petition against Michel. Invol. Petition, ECF No. 1. Counsel for the petitioning creditors is Charles L. Hastings.

The petitioning creditors properly used Official Form 105 to present their case against the targeted debtor. As is the case in a forms driven practice, many of the allegations are boilerplate. Among the preprinted allegations alleged are that: (1) "Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b)," *id.* at § 11; (2) The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a)," *id.*; (3) "The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount," *id.*; (4) "Has there been a transfer of any claim against the debtor by or to any petitioner? Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a)," *id* at § 12. The petition purports to have been signed by three petitioning creditors: (1) "Sarah Halevy, Assignment of Judgment $4,777,759.80"; (2) David H. Walker, individually and as trustee of the Sarah H. Walker T[rust] Assignment of Judgment $4,777,759.80"; and (3) Marjorie B. Walker, individually, Assignment of Judgment $4,777,759.80." *Id.*

Appended to the Involuntary Petition is a document entitled, "Statement Required Under Bankruptcy Rule 1003(a). That statement provided:

> The Petitioning Creditors, who's signatures are below, hereby state that they each received an assignment of a judgment against the debtor, David R. Michal. The assignment was not for the purpose of commencing this involuntary case against the debtor. The consideration of the transfer was in settlement of a claim held by each of the undersigned against the previous holder of the judgment.

Invol. Petition, ECF No. 1.

None of the assignment documents were appended to the involuntary petition or filed with the Clerk of the Court. Fed. R. Bankr. P 1003(a).

The petitioning creditors served the summons and involuntary petition on Michal thereafter. Certificate of Service, ECF No. 3.

**PROCEDURE**

This motion followed. Michal filed a "motion to dismiss the involuntary petition against him and sought attorneys' fees and sanctions against the petitioning creditors and their attorney. Motion to Dismiss, ECF No. 7. Michal is represented by the firm of

Dwiggins & Wilson.  Michal argues that he is paying his debts as they come due, except for those subject to bona fide dispute as to liability or amount.  Though styled as a motion to dismiss, presumably under Rule 12(b)(6), *incorporated by* Fed. R. Bankr. P. 7012, it is supported by the declaration of Michal, his counsel (Patricia Wilson), and a credit report.  Michal advances two arguments that: (1) he doesn't owe the petitioning creditors any money, Decl. of Michal ¶ 2, ECF No. 22; and (2) his just, undisputed bills are paid as they come due.  Mot. to Dismiss 2:21-3:15, ECF No. 7.  11 U.S.C. § 303(h).  The petitioning creditors oppose the motion, offering evidence of their own and objecting to the evidence offered by Michal.

**REPLY**

On September 26, 2022, Michal filed objections to the evidence proffered by the petitioning creditors as hearsay, and further argument that Michal was not provided the opportunity to pay the debt owed to the petitioning creditors.  *See* ECF No. 29.

**JURISDICTION**

This court has jurisdiction.  28 U.S.C. § 1334(a)-(b); *see also* General Order No. 182 of the Eastern District of California.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(A); *In re QDOS, Inc.*, 607 B.R. 338, 342 (9th Cir. BAP 2019).

**LAW**

Involuntary Petitions

Bankruptcy Code § 303 authorizes creditors to file a Chapter 7 bankruptcy on behalf of an individual who is not paying his or her undisputed debts.  11 U.S.C. § 303.  Such a bankruptcy is commenced by filing an involuntary petition; after it is filed it must be served on the debtor.  Fed. R. Bankr. P. 1010(a).  As a rule, the respondent debtor may file an answer, 11 U.S.C. § 303(h); Fed. R. Bankr. P. 1011(a), or may challenge the sufficiency of the petition by Rule 12 motion.  Fed. R. Bankr. P. 1011(b).  If the debtor fails to contest the petition, the court shall order relief against the debtor.  11 U.S.C. § 303(h).  If the debtor contests the petition by Rule 12 motion, no answer is required until the motion is resolved.  Fed. R. Bankr. P. 1011(c); *QDOS, Inc.*, 607 B.R. at 345.  If an answer is filed, the debtor must file the list described in Rule 1003(b), other creditors may join the petition, and discovery rights attach.  *Id.* at 346-347.  In such instances, resolution of evidentiary issues occurs by summary judgment or trial.  *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 548-549 (9th Cir. 1998) (summary judgment); *QDOS, Inc.*, 607 B.R. at 344-345.

At trial, the petitioning creditors bear the burden of proof. *Rothery*, 143 F.3d at 548; *QDOS, Inc.*, 607 B.R. at 343.  Those creditors must prove: (1) petitioning creditor eligibility, Fed. R.

Bankr. 1003(a) (applicable to assignees only);[1] (2) numerosity: at least one petitioning creditor if the debtor has fewer than 12 creditors or at least three petitioning creditors if the debtor has 12 or more creditors, 11 U.S.C. § 303(b); *In re Kidwell*, 158 B.R. 203 (Bankr. E.D. Cal. 1993) (Klein, J.), cited by *QDOS, Inc.*, 607 B.R. at 347;[2] (3) the petitioning creditors' claims are not contingent and not the subject of a bona fide dispute; (4) the petitioning creditors' claims aggregate is not less than $18,600, 11 U.S.C. § 303(b); and (5) the debtor is generally not paying undisputed debts as "they become due." 11 U.S.C. § 303(b), (h); *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002); *Morabito v. JH, Inc. (In re Morabito)*, 2016 WL 3267406 * 8-9 (9th Cir. BAP 2016).

Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), *incorporated by* Fed. R. Bankr. P. 7012(b). Failure to state a claim may exist as a matter of law or as a matter of fact. *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory"); *accord Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering the sufficiency of the complaint, the court may consider the factual allegations in the complaint itself and some limited materials without converting the motion to dismiss into a motion for summary judgment under Rule 56. Such materials include (1) documents attached to the complaint as exhibits, (2) documents incorporated by reference in the complaint, and (3) matters properly subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A document may be incorporated by reference, moreover, if the complaint makes extensive reference to the document or relies on the document as the basis of a claim. *Ritchie*, 342 F.3d at 908 (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Petitioning creditors have not fully complied with Federal Rule of Bankruptcy Procedure 1003(a), i.e., attachment of specified assignment documents.

[2] Here, it is unclear whether Michal's has at least 12 creditors. If so, at least 3 creditors must join the petition. 11 U.S.C. § 303(b). Since the petitioners appear to hold but a single, indivisible judgment, *In re Mid-America Industrial, Inc.*, 236 B.R. 640, 645 (Bankr. N.D. Il. 1999) (joint creditors counted as but a single claim under 11 U.S.C. § 303(b); see also *In re Richard A. Turner Co., Inc.*, 209 B.R. 177, 17 (Bankr. D. Mass. 1997), it appears that this has but one single petitioning creditor, not three creditors. If Michal has at least twelve creditors, it appears that there are an insufficient number of petitioning creditors.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

After *Iqbal* and *Twombly*, courts employ a three-step analysis in deciding Rule 12(b)(6) motions. At the outset, the court takes notice of the elements of the claim to be stated. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Next, the court discards conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 842 F.3d 430, 438 (6th Cir. 2016) (the complaint failed to include "facts that show how" the defendant would have known alleged facts). Finally, assuming the truth of the remaining well-pleaded facts, and drawing all reasonable inferences therefrom, the court determines whether the allegations in the complaint "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Sanchez v. United States Dept. of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017). *See generally*, *Wagstaff Practice Guide: Federal Civil Procedure Before Trial*, Attacking the Pleadings, Motions to Dismiss § 23.75-23.77 (Matthew Bender & Company, Inc. 2019).

Plausibility means that the plaintiff's entitlement to relief is more than possible. *Twombly*, 550 U.S. at 570 (the facts plead "must cross the line from conceivable to plausible"); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074 (11 Cir. 2017). Allegations that are "merely consistent" with liability are insufficient. *Iqbal*, 556 U.S. at 662; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). If the facts give rise to two competing inferences, one of which supports liability and the other of which does not, the plaintiff will be deemed to have stated a plausible claim within the meaning of *Iqbal* and *Twombly*. *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *16630 Southfield Ltd. P'hsip v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013); see also, Wagstaff, Motion to Dismiss at § 23.95. But if one of the competing inferences is sufficiently strong as to constitute an "obvious alternative explanation," that inference defeats a finding of plausibility, and the complaint should be dismissed. *Marcus & Millichap Co.*, 751 F.3d at 996 ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that the plaintiff's explanation is implausible."); *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 709 F.3d 109, 121 (2nd Cir. 2013).

**DISCUSSSION**

Notwithstanding denominating the matter as a "motion to dismiss," Michal's resort to extrinsic evidence, suggests treatment by summary judgment. Fed. R. Bankr. P. 7056; *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 548-549 (9th Cir. 1998) (involuntary petition).

Summary Judgment

Summary judgment is not appropriate in this case. Summary judgment is a discretionary remedy. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 283 (5th Cir. 1993); *Alexander v. Oklahoma*, 382 F.3d 1206, 1213-1214 (10th Cir. 2004); *In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772, 781 (9th Cir. 2014). Several factors weigh against such treatment. The most frequent reason to deny summary judgment is prematurity. *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1121 (9th Cir. 1982). No answer has been filed; the case is just more than one month old. They issue for which Michal seeks summary judgment, i.e., whether he is paying his bills as they come due, is only adjudicated if and when an answer has been filed. Moreover, it is factually complex, e.g., objectively considered and based on the totality of the circumstances the debtor is not paying his bills as they come due. *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1072 (9th Cir. 2002); *Morabito v. JH, Inc. (In re Morabito)*, 2016 WL 3267406 * 8-9 (9th Cir. BAP 2016). Once an answer is filed, discovery rights attach. *In re QDOS, Inc.*, 607 B.R. 338, 342 (9th Cir. BAP 2019). Unless and until an answer is filed and, if requested by the petitioning creditors, discovery has been completed, the matter is premature.[3]

Even if the court were to convert the motion to a summary judgment it would deny the motion because genuine disputes of material facts exit. Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056. Those disputed facts are: (1) whether Michal owes the petitioning creditors money, Compare Decl. of Michal ¶ 2, ECF No. 11 (never "incurred a debt to them") with Judgment, Marshal Melton v. BHB of Georgia, LLC, No. 188809 (Shasta County Superior Court 2017) (judgment for $3.4 million); and (2) whether objectively considered Michal is paying his undisputed unsecured debts. Compare Decl. of Wilson ¶ 4, ECF No. 9 (hearsay that bill "paid as agreed") with Invol. Pet., Part 3, Items 11, 13 ("not paying debtor's debts as they come due") and unpaid judgment $4.777 million). At best, disputes exist.

Rule 12(b)(6)

Falling back to Rule 12(b)(6), Michal's motion will be denied. Under the rubric of a Rule 12(b)(6) motion, i.e., consideration of the factual allegations of involuntary petition, and not extrinsic evidence, the petitioning creditors have plead a plausible claim for relief under § 303. That is true for two reasons. First, a fully and properly completed Involuntary Petition, Official Form 105, states a prima facie case for § 303 relief. *In re Gutierrez*, 2020 WL 3720211 * 3 (Bankr. S.D. Miss. 2020). And that is the case here. Second, the elements of a prima facie case have been plead.[4] Summarized, the

---

[3] Moreover, the motion does not comply with LBR 7056-1(a): (1) 42 days notice required; and (2) supported by separate statement of undisputed facts.
[4] Any defect with respect to the number of petitioning creditors does not defeat the petition at this time. Lack of numerosity is an affirmative

elements are: petitioning creditor eligibility;[5] numerosity; claims are not contingent and not the subject of a bona fide dispute; claims aggregate is not less than $18,600; and the debtor is generally not paying undisputed debts as "they become due." The allegations of the Involuntary Petition, albeit boilerplate, state a plausible claim against Michal.  Invol. Petition, Part 3, Items 11-13, ECF No. 1.

---

defense and need not be plead. *In re QDOS, Inc.*, 607 B.R. 338, 346-47 (9th Cir. 2019).

[5] The failure to file documents supporting the assignment, Fed. R. Bankr. P. 1003(a) is not a basis to grant the motion.  *In re Hujazi*, 2017 WL 3007084 * 8 (9th Cir. BAP 2017).  In the event Michal contends that the assignment was improperly made for the purposes of filing an involuntary petition, in contravention of Rule 1003(a), this is a matter for resolution by evidentiary hearing.