CHARLES L. HASTINGS (Bar No. 88599)
NATALI A. RON (Bar No. 302927)
**Law Office of Hastings & Ron**
PMB #270, 4719 Quail Lakes Drive, Suite G
Stockton, California 95207
Telephone: (209) 476-1010

Attorneys for Petitioning Creditors

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISON

| | |
|---|---|
| In re<br><br>**David R. Michal**<br><br>    Debtors. | Case No. 22-22056-A-7<br><br>**JOINT STATUS REPORT**<br><br>Date:     December 5, 2022<br>Time:     9:00 a.m.<br>Location:  501 I Street, 7th Fl., Courtroom 28, Sacramento, CA<br><br>*Judge Fredrick E. Clement* |

Pursuant to the Court's Orders, the Parties' counsel has met and conferred by telephone and submit the following Joint Status Report:

1. **Remaining Legal/Factual Issues**

A. Does the debtor have 12 or more entities that are the holders of claims against him? This issue remains in dispute. The debtor's Answer to the Petition asserts that he does have 12 creditors, including living expenses that he pays on a monthly basis such as utilities, internet, television, cell phone and pest control. As of the preparation of this Status Report he has not filed the statement required under Bankruptcy Rule 1003 (b) but will do so.

*Petitioner's Position*

As debtor has previously testified that he only had 2 creditors, Petitioners will need to verify the claims but ultimately believe the claims will not be counted toward the total of creditors of debtor, as either di minimis or otherwise excluded from the tally.

*Debtor's Position*

Debtor's position is that he has 12 creditors.

B. Do the petitioning creditors represent one entity holding a claim against the debtor or three? Depending on the outcome of the issue A, above, this issue is disputed.

C. Is the debtor generally not paying his debts as such debts become due? This issue is disputed.

*Petitioners' Position*

Debtor is not paying his debts as they become due. As the Petitioning Creditors' claims exceed 78% of Debtors' entire debt and as Debtor has not, and is not, paying it, it is irrelevant as to whether Debtor is paying his other debts when they become due.

*Debtor's Position*

Debtor is generally paying all debts except the Petitioners' claims.

**2. Requests for Discovery including an estimate of time required for completion**

As there are factual issues involving Debtor's claim of 12 creditors, and potentially concerning the status of payment of the Petitioners' claims, discovery will be necessary. The parties have discussed a 60–90-day period to complete discovery. The Petitioning Creditors have sent written discovery and have scheduled the deposition of the debtor for December 15, 2022.

**3. The appropriateness of Rule 26(a)(1) disclosures**

The parties have agreed to informal disclosure and do not believe Rule 26(a)(1) disclosures are necessary.

**4. The necessity of summary judgment**

At this time the parties do not believe summary judgment would be appropriate.

5. **An assessment of usage of Alternate Direct Testimony and a timeline for trial**

The parties are neutral on the issue of the use of Alternate Direct Testimony. Given the need for discovery as set forth above, trial should be set in late January-early February.

Date: November 28, 2022

_____
Charles Hastings
Counsel for the Petitioning Creditors

_____
Patricia Wilson
Counsel for Debtor