CHARLES L. HASTINGS (Bar No. 88599)
NATALI A. RON (Bar No. 302927)
**Law Office of Hastings & Ron**
PMB #270, 4719 Quail Lakes Drive, Suite G
Stockton, California 95207
Telephone: (209) 476-1010

Attorneys for Petitioning Creditors

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISON

| | |
|---|---|
| In re<br><br>**David R. Michal**<br><br>Debtors. | Case No. 22-22056-A-7<br><br>**JOINT STATUS REPORT**<br><br>Date: March 6, 2023<br>Time: 10:30 a.m.<br>Location: 501 I Street, 7th Fl., Courtroom 28, Sacramento, CA<br><br>*Judge Fredrick E. Clement* |

Pursuant to the Court's Orders, the Parties' counsel have met and conferred and submit the following Joint Status Report:

1. **Remaining Legal/Factual Issues**

A. Does the debtor have 12 or more entities that are the holders of claims against him? This issue remains in dispute. The debtor's Answer to the Petition asserts that he does have 12 creditors, including living expenses that he pays on a monthly basis such as utilities, internet, television, cell phone and pest control.

*Petitioner's Position*

As debtor has previously testified that he only had 2 creditors, Petitioners took the partial deposition of the debtor on December 15, 2022. The deposition was not concluded as there were issues concerning the debtor's compliance with written discovery prior to the deposition, as well as objections to questions at the deposition that the debtor refused to answer. However, at the deposition the debtor did testify to the following facts:

He admitted to having another creditor not listed on his Statement as required by Bankruptcy Rule 1003(b) in that a Eldena Cross holds a judgment against him in the sum of $1,000,000. [Page 30:Line 13-Page 31:Line 20] The debtor has not provided the information required by Rule 1003(b), other than this creditor's name, nor amended his Statement.

Each of the creditors listed in the debtor's 1003(b) Statement received payments during the 90 days prior to the filing of the involuntary petition from the debtor's wife's community property bank account. With the possible exception of one creditor, each of the remaining creditors have received payment each month following the filing of the involuntary petition, including the amount due on the date of the petition. One creditor, Citi Bank received nearly $20,000 from the debtor within 7 days after him being personally served with the involuntary petition. [P53:L22-P55:L23]

Given the specific language of Bankruptcy Code section 303(b)(2), which provides that creditors that have received transfers that are voidable under sections 547, 548 or 549 (and others), are not counted toward the numerosity of 12 creditors, this issue should not be disputed.

As held by the court in *In re Garland Coal & Mining Company* 67 BR 514 at page 519:

> The number of creditors is to be determined as of the date the petition is filed. *Matter of Skye Marketing Corp.,* 11 B.R. 891 (Bkrtcy.E.D.N.Y.1981). *See also In re Blaine Richards & Co., Inc.,* 10 B.R. 424 (Bkrtcy.E.D.N.Y.1981); *Matter of International Teldata Corp.,* 12 B.R. 879 (Bkrtcy.D.Nev.1981). Those creditors who were paid in full before the petition was filed are not creditors on the day the petition was filed, and none may be counted for purposes of the twelve creditor rule. The payments made to creditors after the petition was filed are subject to being set aside pursuant to 11 U.S.C. § 549 as unauthorized payments of prepetition unsecured debts. 2 *Collier on Bankruptcy* ¶303.08 (15th ed. 1984). The remaining creditors who were listed held postpetition claims and do not qualify. The claims of the UMWA, whether considered as one claim or five claims, are not counted because they are claims by employees of the alleged debtor. 11 U.S.C. § 303(b)(2). The only [67 BR 520] remaining creditors to be counted are the three petitioning creditors.

This same principal was articulated by Judge Mahoney in *In re Stewart, United States Bankruptcy Court, District of Alabama, Case No: 14-03177, at page 15:*

After considering the cases cited above, the Court concludes that the position of Judge Shulman in *In re Crain* and the case of *In re CorrLine* are the best law. The Court adopts their reasoning. The Stewarts each paid all but a small number of their debts owing at filing within the month after filing. As business owners, the Stewarts' income comes from their various business interests; they are not wage-earners. The business interests they held on the petition date are property of their respective bankruptcy estates. Income from those interests are proceeds of property of the estates. Therefore, the cash they used to pay prepetition debts postpetition was property of their bankruptcy estates. *See In re Corrline International, LLC*, 516 B.R. 106, 156 (Bankr. S.D. Tex. 2014) ("It is enough to say that any cash used to pay creditors following the Petition Date was necessarily an asset of the CorrLine bankruptcy estate or constituted proceeds from the disposition of an asset of the CorrLine estate."). Because these payments would constitute voidable transfers, the Court will not count the prepetition creditors who were paid during the gap period. This result makes sense. The gap period is commonly used by a petitioning creditor to solicit other petitioning creditors. Paying off other creditors during this period defeats any incentive they might have to join the petition. In fact, it gives such creditors something to lose—a voidable transfer—should the bankruptcy proceed. It could also be argued that most of the paid creditors were small recurring debts that should not be counted as well. When creditors holding voidable transfers are omitted from the numerosity analysis, TStewart had not more than three creditors and DStewart had not more than five creditors.

*Debtor's Position*

Debtor's position is that he has 12 creditors, and therefor there needs to be 3 petitioning creditors.

B. Do the petitioning creditors represent one entity holding a claim against the debtor or three? Depending on the outcome of issue A, above, this issue is disputed.

*Petitioners' Position*

Under the analysis enunciated by the court in *In re Zapas*, 2015 Bankr. LEXIS 1487 (Bankr. E.D., the Petitioning Creditors represent three creditors.

*Debtor's Position*

The Petitioning Creditors represent a single creditor.

C. Is the debtor generally not paying his debts as such debts become due? This issue is disputed.

*Petitioners' Position*

Debtor is not paying his debts as they become due. As the Petitioning Creditors' claims exceed 78% of Debtors' entire debt and as Debtor has not, and is not, paying it, it is irrelevant as to whether Debtor is paying his other debts when they become due.

Additionally, as disclosed by the debtor in discovery and at his deposition:

The debtor himself denies he has any income. All of his wife's income is community property. [P39:L15-17] That income is derived from a business, Stewardship Partners Group, LLC, an entity that he and his wife own with two other individuals [P40:L17-P40:L10] The debtor refused to identify the other 2 owners of the business, nor to answer if they are related to him. The debtor's wife draws an income from the business of $12,500 per month. Another of the debtor's businesses (either Reaven, Inc. or Legacy Partners, LLC, (the debtor stated it was each of them at different times [P98:L22-P90:L20 and P92:L24-P93:L3)), each owned and controlled by the debtor and his wife, received between $200,000 and 300,000 within the last 5 months, from the sale of a commercial property in North Carolina. None of that money was used to pay toward any of the judgments entered against the debtor, based on his and his wife's decision not to. The debtor stated the money was "reinvested" but he refused to answer as to what it was "reinvested" in. [90:L2-P91:L11]

*Debtor's Position*

Debtor is generally paying all debts except the Petitioners' claims.

**2. Requests for Discovery including an estimate of time required for completion**

Discovery has been completed.

**3. An assessment of evidence needed at trial and a timeline for trial**

The Petitioning Creditors intend to submit all of their evidence by deposition transcripts and exhibits, including documents produced by the debtor. The debtor's evidence will consist of testimony from the debtor. AND DOCUMENTS. /W/

At the suggestion of the Court, the Petitioning Creditors sent proposed stipulated facts to the debtor on February 6, 2023. The debtor has not committed to the stipulation.

Petitioning Creditors are ready for trial and for the Court to set a date at the earliest opportunity.

Date: February 28, 2023

*Charles Hastings*
Counsel for the Petitioning Creditors

*Patricia Wilson*
Counsel for Debtor