United States Bankruptcy Court
Eastern District of California

In re:                                            Case No. 22-22056-A
David R. Michal                            Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0972-2                   User: auto                  Page 1 of 1
Date Rcvd: Mar 13, 2023         Form ID: pdf030          Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol     Definition**
+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 15, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Charles L. Hastings, PMB 270, 4719 Quail Lakes Drive, Suite G, Stockton, CA 95207-5267 |
| aty | + | Patricia Wilson, Dwiggins & Wilson Bankruptcy Law, 405 Redcliff Drive, Suite 100, Redding, CA 96002-0160 |
| adb | + | David R. Michal, 263 Ironwood Ln, Redding, CA 96003-5346 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion17.sc.ecf@usdoj.gov | Mar 14 2023 00:28:00 | Office of the U.S. Trustee, Robert T Matsui United States Courthouse, 501 I Street, Room 7-500, Sacramento, CA 95814-7304 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2023                 Signature:        /s/Gustava Winters

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

DAVID MICHAL,

        Debtor.

Case No. 22-22056-A-7
FEC-5

**PRETRIAL ORDER**

On March 6, 2023, the court held a pretrial conference in this matter. This order will control all pretrial procedure and the trial of this matter.

**SECTION 1.0: DATES AND DEADLINES**

| | |
|---|---|
| Pretrial Disclosures Fed. R. Civ. P. 26(a)(3)(A)(i)-(ii) | May 4, 2023 |
| Exhibits | May 4, 2023 |
| Alternate Direct Testimony | May 4, 2023 |
| Trial Briefs | May 18, 2023 |
| Motions in Limine | May 18, 2023 |
| Objections to Admissibility of Materials Identified under Rule 26(a)(3)(A)(iii) | May 18, 2023 |
| Trial | |
| Commencement | June 1, 2023 at 9:00 a.m. |
| Continued dates | None |
| Plaintiff's time | 3 hours |
| Defendant's time | 3 hours |
| Location | Department A, Courtroom 28, Seventh Floor, United States Courthouse, 501 I Street, Sacramento, CA |

**SECTION 2.0: SCOPE**

All of the issues are as follows: (1) does David Michal have 12 or more creditors; (2) how many creditors do the petitioning creditors represent; and (3) is David Michal "generally not paying such debtor's debts as such debts become due unless such debts are

the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(h)(1).

**SECTION 3.0: PRETRIAL DISCLOSURES**

No later than the date specified in section 1.0 of this order and notwithstanding Local Bankruptcy Rule 9017-1, each party shall file and serve the pretrial disclosures described in Federal Rule of Civil Procedure 26(a)(3)(A)(i) and (ii).

**SECTION 4.0: ALTERNATE DIRECT TESTIMONY**

**4.1. Written Direct Testimony.** Excepting hostile/adverse witnesses, each side's case in chief shall be made by succinct written declaration executed under penalty of perjury. LBR 9017-1(a)(3); *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992); *Regeneron Pharmaceuticals, Inc. v. Merus N.V.*, 864 F.3d 1343, 1359 (Fed. Cir. 2017). Each fact or opinion shall be separate, sequentially numbered and shall contain only matters that are admissible under the Federal Rules of Evidence. It shall be the responsibility of the party offering the declaration to ensure that the declarant is available for examination at trial.

Said declarations shall be included as a separate tab in the binder described in section 5.0 of this order and shall be provided to opposing counsel and unrepresented parties as a part of the evidence binder.

All cross-examination, rebuttal, sur-rebuttal, and impeachment evidence shall be given by live testimony and via ZoomGov. LBR 9017-1(c).

Except as otherwise provided in this section or as otherwise ordered by this court, live testimony is not authorized.

/

**SECTION 5.0: EXHIBITS**

**5.1. Evidence Binder.**  No later than the date set forth in section 1.0 of this order, each party shall lodge with chambers and serve on opposing counsel and unrepresented parties an evidence binder containing each of the documents or other exhibits (except those offered solely for impeachment) that may be offered as evidence at trial.  A set of exhibits originally filed in support of the motion, objection, opposition, or reply does not satisfy this requirement.  All evidentiary exhibits shall be placed in three-ring binders.

**(a) Joint Exhibits.**  The parties shall lodge evidentiary exhibits jointly for the administrative convenience of the parties and the court.  By lodging the exhibits jointly, each party is deemed to preserve all objections to the admissibility of the evidence in the joint evidence binder.  The binder shall contain a certification by each attorney or unrepresented party that the exhibits are submitted jointly.  The cover of each binder shall contain the following information:  (1) the description on the cover of each binder shall include the term "Joint Exhibits"; (2) the case name and number; (3) the date and time of the trial; (4) a label designating it as "Witness's Copy"; (5) the department in which the matter will be heard; and (6) an instruction to the Clerk of Court that the binder, exhibits, and documents are not to be filed but should be directed to Department A chambers.

All exhibits shall be separated by tabs and pre-marked alphabetically.  The binder shall contain an index of the documents and exhibits within the binder and shall include a description of each document or other exhibit and its exhibit designation (e.g.,

4

"Exhibit A"). <u>Exhibits within the binder shall be separated by tabs and pre-marked. Each exhibit shall be internally sequentially paginated, e.g. Exhibit B-1, B-2</u>.

**(b) Meet and Confer**. Mr. Hasting shall take the lead in organizing discussions with opposing counsel to coordinate the exchange and ultimate lodging of joint exhibit binders.

**(c) Copy of Joint Exhibit to Debtor's Counsel**. Upon lodging the final copy of the Joint Exhibits Charles Hastings shall provide debtor's counsel one, or if she so requests more, copies of the Joint Exhibits. Debtor's counsel shall promptly reimburse Charles Hastings for the cost of the binder(s) provided to her.

**5.2. Chambers' Copies**. A party who lodges an evidence binder under subsection 5.1 shall concurrently lodge two additional copies of such binder to chambers that include all the identifying information required in subsection 5.1 except for the label "Witness's Copy," which label shall be replaced by the label "Judge's Copy" on one additional copy and the label "Law Clerk's Copy" on the other additional copy. <u>Salient portions of each exhibit shall be highlighted in yellow in only the Judge's Copy and Law Clerk's Copy</u>.

**5.3. Impeachment Documents**. A party offering a document solely for impeachment that is not included in the evidence binder shall bring to trial a sufficient number of copies of the document. A sufficient number of copies means one copy for each side of the dispute plus two additional copies. This requirement does not apply to entire deposition transcripts, but it does apply to deposition excerpts.

/
/

**SECTION 6.0: TRIAL BRIEF**

Trial briefs must be filed and served no later than the date specified in section 1.0 of this order. A trial brief should include a: (1) table of contents; (2) table of authorities; (3) short statement of the facts; (3) summary of applicable law and authorities, particularly any applicable Ninth Circuit case law; and (4) conclusion, including a specific and succinct statement of the relief sought. Without leave of court, trial briefs shall not exceed 25 pages.

**SECTION 7.0: MOTIONS IN LIMINE**

Motions in limine shall be filed and served no later than the date set forth in section 1.0 of this order. Motions in limine shall be set only for the date, time and place of trial. Such motions shall comply with Local Bankruptcy Rule 9014-1, except that the notice periods are shortened so that: (1) the motion may be filed and served at least 14 days before the hearing date; (2) the opposition to the motion may be filed and served at least 7 days before the hearing date; and (3) any reply shall be presented orally at the hearing. Service shall comply with applicable provisions of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and, where possible, a courtesy copy of the motion or opposition shall also be transmitted by means of immediate delivery, e.g. a pdf file sent via email.

**SECTION 8.0: OBJECTIONS TO WRITTEN MATERIALS**

Objections to materials identified under Rule 26(a)(3)(A)(iii) shall be filed and served not later than the date set forth in section 1.0 of this order. Except for objections under Federal Rule of Evidence 402 or 403, failure to file and serve such an objection

by the date specified herein shall be deemed a waiver unless excused by the court for good cause.  Fed. R. Civ. P. 26(a)(3)(B), *incorporated by* Fed. R. Bankr. P. 7026.

**SECTION 9.0:  TRIAL**

The trial of this matter shall commence on the date and time, at the location, and each side is allocated the time set forth in section 1.0 of this order.  Time allotted each side includes all aspects of that party's participation, including without limitation opening statements, presentations of witnesses and evidence, cross-examination of adverse witnesses, motions in limine, objections to opposing party's evidence and closing argument.

**SECTION 10.0: TELEPHONIC APPEARANCES**

Telephonic appearances are not authorized for witnesses, unrepresented parties or attorneys.

**SECTION 11.0:  SETTLEMENT**

**11.1.  Notify.**  If the matter settles prior to the trial, the parties shall immediately notify chambers telephonically at (916) 930-4411.

**11.2.  Memorialize.**  Notwithstanding an informal agreement of the parties to resolve a matter by settlement, trial will proceed as scheduled unless the parties memorialize the settlement as set forth in this section.  To memorialize a settlement, the parties or their attorneys shall either (1) recite and confirm the terms of the settlement on the record at the scheduled trial date, or (2) execute a written settlement agreement and file and serve a notice of settlement.  The notice of settlement shall identify the motion by title, docket control number, and date of trial, and certify that a settlement has been reduced to a written settlement agreement

7

executed by all parties.

**SECTION 12.0: UNCLAIMED EXHIBITS**

Unless the parties timely claim their exhibits, the Clerk may dispose of unclaimed exhibits without further notice. LBR 7090-1.

**SECTION 13.0: MODIFICATION**

This scheduling order may be modified only with court approval by motion. All such motions will be considered upon a showing of good cause and due diligence. Fed. R. Civ. P. 16(b)(4), *incorporated by* Fed. R. Bankr. P. 7016, 9014(c).

**SECTION 14.0: ADDITIONAL PROVISIONS**

Witnesses and clients may appear via ZoomGov. In the event any witnesses are unwilling to voluntarily attend the trial, counsel may offer deposition transcripts if it otherwise qualifies under Fed. R. Bankr. P. 32 and other applicable law.

**SECTION 15.0: SANCTIONS**

Failure to comply with this scheduling order may result in additional just orders including those authorized by Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(ii)-(vii). Fed. R. Civ. Proc. 16(f), 37(b)(2)(A)(ii)-(vii), *incorporated by* Fed. R. Bankr. P. 7016, 7037, 9014(c).

Dated: March 10, 2023

_____
Fredrick E. Clement
United States Bankruptcy Judge

**SERVICE INSTRUCTIONS TO CLERK OF COURT**

The Clerk of the Court is instructed to send the Order / Judgment or other court-generated document transmitted herewith to the parties specified below. The Clerk will send the Order / Judgment via the BNC or, if checked \_\_\_\_, via the U.S. mail.

The debtor(s), the attorney for the debtor(s), the bankruptcy trustee (if appointed in the case), and such other persons as are specified below:

Charles L. Hastings
4568 Feather River Dr., Suite A
Stockton, CA  95219

Patricia Wilson
405 Redcliff Drive, Suite 100
Redding, CA  96002