**3**

**KIMBERLY HUSTED**
Chapter 7 Trustee
11230 Gold Express Dr., Ste 310-411
Gold River, CA 95670
Telephone:   916.635-1939

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>Michal, David<br><br>Debtor | Case No: 22-22056-C-7<br><br>DCN: KJH-001<br><br>**OBJECTION TO AUTOMATIC DISMISSAL OF CASE AND REQUEST FOR EXTENSION OF DEADLINES**<br><br>Date:<br>Time:<br>Dept. C (Courtroom 35) |

To THE HONORABLE CHRISTOPHER M. KLIEN, United States Bankruptcy Judge and Clerk of the Court, Wayne Blackwelder:

Kimberly J. Husted, the Chapter 7 Trustee (the "Trustee") in the involuntary Chapter 7 case of David Michal. (Debtor) in the Case No. 22-22056 -C-7 hereby opposes the automatic dismissal of the case for failure to file requisite documents as set forth in the Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents are Not Timely Filed [Docket No. 131]. This request is based upon the following:

1. On August 18, 2022 ("Filing Date of the Involuntary Petition"), Creditors Sarah Halevy, through her counsel Charles Hastings and David and Marjorie Walker, through their counsel Charles Hastings, identified that they had received an assignment of a judgement against David Michal. As a result of that initial involuntary application Mr. Michal secured bankruptcy counsel who filed ECF 7, Involuntary Debtor's Motion To Dismiss The Involuntary Petition

1  which was set for hearing on October 3, 2022 before the previous judge assigned, The Honorable
2  Frederick E. Clement. In that document Debtor counsel began to outline the numerous fractional
3  interests the debtor might hold in a number of entities and jurisdictions, specifically North
4  Carolina and California but with clients and associates "all over the country". The Motion to
5  Dismiss the Involuntary action included the argument that the Debtor was not insolvent but it is
6  reported he also earns no money. The Debtor is married and the non-filing spouse also has
7  ownership in entities with the Debtor.

8      2.    In response to the Motion to Dismiss the Creditors, through their Counsel, filed a
9  Motion to Set Case for Trial also for the October 3, 2022 law and motion calendar (ECF 14) .
10 Exhibits were supplied at ECF 20 with documents indicating the Debtor had local counsel that
11 prepared a declaration in a State Court Action in Shasta County. In that Declaration the Debtor
12 asserted no ownership in any real property and that a "complete and exhaustive list" of all assets
13 were being disclosed which only included a partial ownership of a Nevada corporation Reaven,
14 Inc and single bank account. I am informed by the creditors that they have identified more assets
15 of the debtor.

16     3.    In the Exhibits filed at ECF 20 there is a statement that only two credit accounts
17 exist. The Exhibit at ECF 10 shows a credit report supporting the two unsecured debts and two
18 secured vehicle loans. In spite of this, throughout the proceedings there have been several
19 Master Mailing lists prepared as other potential creditors became known.

20     4.    The opportunity for other Creditors to come forward when properly noticed of
21 this proceeding will require a full and complete Master Mailing List. Developing this list is now
22 the task of Debtor Counsel who reports the variety of fractional ownership of LLCs and real
23 properties is large, potentially in excess of fifty (50) entities. Therefore, potential creditors who
24 might be owed money by the Debtor is large. The concern of Counsel is that by doing additional
25 amended Master Mailing lists (plural) the level of confusion that might result would be high.

26     5.    The Order to the Debtor to produce a Master Address List containing the name
27 and address of each entity included or to be included on schedules D,E,F, G, and H appear to
28 require more than the 7 days indicated. As the Trustee appointed to this matter, I respectfully

request a short extension for Debtor Counsel be granted; an extension of 14 additional days to allow Debtor Counsel to compile the lists needed for the review by the Debtor and to submit them to the court on the Debtor's behalf.

6. Further, the Trustee Kimberly J. Husted requests that with the continuation of deadlines the court may continue to compel performance by the Debtor. Dismissal should not be an option as this is an involuntary petition and would be to the detriment of Creditors and to the Estate and the professionals the Trustee is seeking to employ now.

7. A meeting of creditors, pursuant to 11 U.S.C. § 341, was scheduled for July 14, 2023 at 9:00 a.m.

8. Upon appointment the Trustee immediately reached out to Debtor counsel to obtain information on the Debtor. The Trustee has been in contact via email with Creditor Counsel and is reviewing documents they are providing. It is the belief of the Trustee that this is an Asset case with sufficient value to pay the creditors who filed the involuntary petition as well as one other that has reached out and the Trustee believes they have a recorded judgement in Shasta County already. Further time will allow for full and complete investigating into the claims and assets involved in this case.

WHEREFORE, Trustee respectfully requests that this Court extend the deadlines to avoid Dismissal of this matter.

Date: June 13, 2023

By: */s/ Kimberly Husted*
Kimberly Husted, Chapter 7 Trustee

- 3 -    Case No. 2022-22056-C-7
OBJECTION TO AUTOMATIC DISMISSAL OF CASE
49336376.v1