**9**

1  GABRIEL P. HERRERA, State Bar No. 287093
   *gherrera@kmtg.com*
2  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   1331 Garden Hwy, 2nd Floor
3  Sacramento, California 95833
   Telephone: (916) 321-4500
4  Facsimile: (916) 321-4555

5  Attorneys for KIMBERLY J. HUSTED,
   Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>DAVID R. MICHAL,<br><br>Debtor. | Case No. 22-22056<br>Chapter 7<br><br>DCN: KMT-5<br><br>**APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004**<br><br>Judge: Hon. Christopher M. Klein<br>Date: September 25, 2023<br>Time: 10:00 a.m.<br>Location: Dept. C, Courtroom 35 |

KIMBERLY J. HUSTED ("Trustee"), in her capacity as trustee of the bankruptcy estate of David R. Michal ("Debtor"), hereby applies for authority to issue discovery to Matthew Taylor, Nevada Business Center, LLC ("NBC"), and the Debtor concerning the Debtor's business dealings, the Debtor's ownership interest in, the Debtor's financial dealings with (including access to QuickBooks maintained by the Debtor), the owners of and the corporate records for Management Services Company, KRC Partners, Inc., Reaven, Inc., Legacy Partners 314, LLC, DRC Properties, LLC, Asset Management Plus, LLC, Murchison Asset Group, LLC, Bulk Home Buyers, LLC, Murchison Group, LLC, Paragon Productions, LLC, On The Beam, LLC, Bulk Home Buyers of Georgia, LLC, Everlasting Investments LLC, Mustard Seed, LLC, Final Draft Brewing Co., LLC, Vision Care Device, LLC, Steeped Coffee, Inc., Infinite Water, Inc., Authentic

2418182.1 14529.014

1

APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004

Sales, LLC, Elias Michal Ventures, LLC, Redding Dev Partners, LLC, Monmouth Holdings, LLC, Eternal Management Solutions, LLC, Tyndale Capital, LLC, Stewardship Partners Group, LLC, East Dev Partners, LLC, Merican Beverage California, LLC, Merican Beverage Company, LLC, Spring Creek, LLC, Triple 7 Ranch, LLC, Daniels Road, LLC, Trinidad Revival, LLC, Liberty Dev Partners, LLC, Blue Gold Capital, LLC, Monmouth Fund, LP, 100XR Ventures, LLC, Ergon Capital Holdings, LLC, Vision Med Capital, LLC, RKC Partners Group, LLC, and Chrave, LLC (collectively, "Entities") pursuant to Federal Rule of Bankruptcy Procedure 2004 ("FRBP 2004"). In support of this application, the Trustee submits the following:

## RELEVANT FACTS

**A.     The Filing of the Involuntary Bankruptcy Case and the Disclosure of the Entities**

1.     On August 18, 2022, the above-captioned bankruptcy case was commenced by the filing of an involuntary Chapter 7 petition. After trial, on or about June 5, 2023, the Court entered a judgment ordering relief on the Chapter 7 petition filed under 11 U.S.C. section 303. The Trustee is the appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

2.     On or about July 14, 2023, the Debtor appeared at his initial 11 U.S.C. section 341 meeting of creditors, which was continued to July 24, 2023, August 2, 2023, August 31, 2023, and September 22, 2023.

3.     The continuances of the 341 meeting of creditors are primarily based on the Debtor's repeated failure to provide numerous documents and information to the Trustee as outlined below. The other reasons relate to the Debtor being ill and a friend passing away around the August 2, 2023 341 meeting of creditors and a change in counsel prior to August 31, 2023.

4.     Through the Trustee's investigation, the Trustee has been able to discover that the Debtor operates through numerous organizations and other entities (i.e., the Entities). The Debtor contends, and has produced diagrams (otherwise known by the parties as the "bubble chart"), demonstrating that the Entities operate in a convoluted structure (which include several layers of companies) in which his interest – or that of his wife's interest – stem from various holding companies. These purported holding companies include Reaven, Inc., Legacy Partners 314, LLC, Everlasting Investments, LLC, Mustard Seed, LLC, Eternal Management Solutions, LLC, and

Monmouth Holdings, LLC. These holding companies then have an interest in various of the other Entities.

5. The majority of the Entities are organized and/or incorporated in either Nevada or Wyoming.

6. The Trustee has also learned, through the Debtor's testimony, that most of the Entities do not have an operating business. In fact, the Debtor testified, with respect to Reaven, Inc. that it's business is to hold Legacy Partners 314, LLC and Legacy Partners 314, LLC's business purpose is to act as a holding company for companies that operate below it. **Reaven, Inc. was wholly owned by the Debtor on the petition date and Reaven, Inc. wholly owns Legacy Partners 314, LLC.**

7. Given the convoluted structure of the Entities and the "bubble chart" provided, the Trustee has made numerous requests since July 2023 to obtain corporate information, financial records, ownership information, and other relevant information related to the Debtor's business dealings with the Entities. These requests were documented on or about July 24, 2023. Specifically, the Trustee has requested incorporation and formation documents (including bylaws and operating agreements), minutes of meetings for the Entities, information related to the owners of the Entities, and financial documents related to transactions between the Entities (including documents evidencing lines of credit) (collectively "Business Records").

8. The Debtor has objected and/or refused to provide the Business Records as to any of the Entities in which the Debtor contends that were not wholly owned by him or his wife on the petition date. **Notably, the Debtor explains that the other owners of these Entities merely hold convertible notes, and no convertible note has ever been exercised.** The Debtor has not opposed producing the Business Records in relation to any wholly owned entity – Reaven Inc. and Legacy Partners 314, LLC.

9. DRC Properties, LLC was also wholly owned by the Debtor through Reaven Inc. and Legacy Partners 314, LLC.

///

///

**B.　The Debtor's 341 Testimony Related to the Wholly Owned Entities' Business Records**

10.　Despite the Debtor's representations that it does not oppose producing the Business Records in relation to the wholly owned entities, to date, the Debtor has yet to produce most of the Business Records. At the Debtor's August 31, 2023 341 meeting of creditors, the Debtor testified with respect to Reaven Inc. and Legacy Partners 314, LLC, that Matthew Taylor maintains the Business Records at a business location in Carson City, NV (other than the Quickbooks' information). Given that Mr. Taylor maintains the Business Records in Nevada, the Debtor explained that he has been unable to produce the Records.

11.　Upon questioning, the Debtor testified that he speaks by phone with Mr. Taylor 3-4 times a year and that he is able to contact Mr. Taylor for the records being requested by the Trustee. However, as of August 31, 2023, the Debtor stated he had not contacted Mr. Taylor to produce the wholly owned entities' records because of things going on in the Debtor's "personal life."

12.　Later upon questioning at the same 341 meeting of creditors, the Debtor inexplicably stated that he had in fact arranged with Mr. Taylor to have the Business Records related to the wholly owned entities be produced.

13.　The Debtor further disclosed that Reaven Inc. has never had any employees, corporate minutes are not required by the Bylaws, annual shareholder meetings are not required, the Debtor and his spouse are the only board of directors, there are no regular board meetings, there are no officers for the company other than Mr. Taylor as the Secretary, the Debtor serves as the Vice President, and the Debtor is not paid from the company. With respect to Legacy Partners 314, LLC, the Debtor states no meetings have occurred since its organization.

14.　At the August 31, 2023 341 meeting of creditors, the Trustee reiterated that she wanted to obtain the Business Records for the wholly owned entities immediately and would provide dates in order for the parties to agree when the Business Records could be picked up.

**C.　The Debtor's 341 Testimony Related to Disbursements of Money from the Entities**

15.　Prior to the August 31, 2023 341 meeting of creditors, including on July 21, 2023 at a special meeting between the Trustee, the Debtor and counsel, the Trustee explained to the

1 Debtor that no action should be taken and the status quo should be maintained with respect to the
2 wholly owned entities as the entities were property of the Debtor's bankruptcy estate. When the
3 demand was made on July 21, 2023, the Debtor appeared shocked and asked whether the entities
4 in which he has an interest could be included in the bankruptcy proceedings. It was explained that
5 the Debtor should speak with his counsel privately.

16. On or about August 28, 2023, it was discovered that the bankruptcy estate's wholly owned entity Legacy Partners 314, LLC disbursed $25,000 to the Debtor's newly retained counsel as a retainer.

17. At the August 31, 2023 meeting of creditors, the Debtor was questioned about the retainer paid by Legacy Partners 314, LLC. The Debtor explained that he, himself, approved the disbursement from Legacy Partners 314, LLC to his new counsel, and that the original source of the funds was from Stewardship Partners Group, LLC. He stated the payment was made by Legacy Partners 314, LLC because he understood that he could not use his own funds to pay the retainer. **Further, the Debtor testified that the payment by Legacy Partners 314, LLC for the retainer to be used for the Debtor's legal fees was not a loan that he, individually, must repay**.

18. The Debtor further testified that Stewardship Partners Group, LLC loaned the money to Legacy Partners 314, LLC on account of a revolving line of credit between the two entities and that Legacy Partners 314, LLC had paid for the defense of the Debtor for the involuntary bankruptcy. **The Debtor stated that each of the Entities (listed on the "bubble chart") have a line of credit with one another such that funds could be disbursed between the Entities**. Similarly, the Debtor represents that he has his own line of credit with certain of the Entities and Legacy Partners 314, LLC has lines of credit with "downstream" entities. However, the Debtor did not know the terms of the lines of credit (other than being ten year agreements), including the maximum amount of the lines of credit, when the lines of credit were executed, or the interest to be paid on the lines of credit.

19. The Debtor further testified that the balance for each of the lines of credit were maintained by the Debtor through Quickbooks. Remarkably, the Debtor testified that the

1 information stored on Quickbooks, however, was "absolutely" not accurate and he was having an
2 accountant conduct a reconciliation of the Entities' records which would take several months.

3     20.    No tax returns have been filed for the Entities since at least 2014.

4 **D.    The Debtor's Sole Source of Income is From One of the Entities**

5     21.    During the August 31, 2023 341 meeting of creditors, the Debtor further disclosed
6 that the wholly owned entity Reaven Inc. received approximately $190,000 in September of 2022
7 (post-petition). The Debtor explained that through the various lines of credit the entire amount of
8 the funds were transferred to Stewardship Partners Group, LLC.

9     22.    Stewardship Partners Group, LLC is paying to the Debtor's spouse $12,500 per
10 month on account of a revolving line of credit. The Debtor represents in his Schedule I that the
11 $12,500 is the Debtor's and his spouse's sole source of income.

12 **E.    Other Financial Information Provided**

13     23.    Prior to taking the position that financial information of Entities that the Debtor
14 contends are not wholly owned, the Debtor produced balance sheets for 4 entities, including
15 Eternal Management Solutions, LLC, Stewardship Partners, LLC, Mustard Seed Holdings, LLC,
16 Everlasting Investments, LLC, and Reaven Inc. These balance sheets identify as assets numerous
17 "Loans to" various of the Entities (including wholly owned entities), other entities, and
18 individuals, and as liabilities numerous convertible notes and notes payable to various of the
19 Entities, other entities, and individuals.

20     24.    The Debtor has also produced bank statements which identify large post-petition
21 payments to certain of the Entities.

22 **F.    The Demand To Preserve Records**

23     25.    As noted above, the Trustee sought to obtain the Business Records for the wholly
24 owned entities immediately after the August 31, 2023 341 meeting of creditors. To that end, on
25 the afternoon of August 31, 2023, the Trustee offered to meet with the Debtor on September 6,
26 2023. In response, on September 1, 2023, the Trustee was advised that the Debtor was "anchoring
27 this down."

28 / / /

26. On September 5, 2023, the Debtor, through counsel, advised that he was unavailable on the 6th and 14th of September to meet with the Trustee. However, no dates were offered in which the Debtor was available. As such, the Trustee proposed the 15th or the 16th and stated the Debtor did not need to attend if he was unavailable.

27. On September 8, 2023, a date still had not been proposed but it was disclosed that the Debtor and his spouse were "taking a few days away."

28. Just prior to learning that the Debtor had "tak[en] a few days away," the Trustee became increasingly concerned about the Debtor's failure to provide a simple date to have records turned over. She then learned that Mr. Taylor operates a business that provides corporate services (such as incorporation and serving as an agent for service of process). Given that records had still not been produced and the myriad of issues raised at the Augusts 31, 2023 341 meeting of creditors, the Trustee caused to be issued to Mr. Taylor and his business a letter stating, among other things, to preserve the corporate records stored at Mr. Taylor's office.

29. On September 12, 2023, the Debtor, and his counsel, took issue with the demand issued by the Trustee, through counsel.

30. By order dated August 14, 2023, the Court authorized the Trustee to issue discovery to various financial institutions related to the Debtor's financial dealings and that of his entities. All records have yet to be received, and JP Morgan Chase has requested a revised subpoena be issued.

## **RELIEF SOUGHT**

Pursuant to and to the extent allowed by FRBP 2004, the Trustee seeks authority to issue discovery to Matthew Taylor, NBC, and the Debtor concerning the Debtor's business dealings, the Debtor's ownership interest in, the Debtor's financial dealings with (including access to QuickBooks maintained by the Debtor), the owners of and the corporate records for the Entities. A court has discretionary power under FRBP 2004, and FRBP 2004 is generally regarded as a "fishing expedition." See 9 COLLIER ON BANKRUPTCY ¶ 2004.01[2].

Based on the above, the Trustee's request is much less than a "fishing expedition" and the requested order specifically relates to the acts, conduct, and property of the Debtor and affects the

1 administration of the Debtor's estate. There are significant issues raised by the business dealings
2 of the Debtor as identified above, including the use of lines of credit between the Entities and the
3 Debtor, the use of convertible notes, the convoluted nature of the Entities as demonstrated through
4 the "bubble chart," and how the Debtor uses the wholly owned entities. Moreover, the Debtor has
5 already produced *some* financial documents which identify business dealings and transactions
6 between various of the Entities (including the undisputed wholly owned entities) and the Debtor.
7 Notably, after the Trustee specifically explained to the Debtor to maintain the status quo with
8 respect to wholly owned entities, the Debtor continued to disburse money from Legacy Partners
9 314, LLC for his own personal expenses (i.e., legal fees), which the Debtor testified he did not
10 have to repay, and the source of the funds is from an entity (Stewardship Partners Group, LLC) in
11 which the Debtor claims is not wholly owned by him – yet, in September 2022, Reaven Inc.
12 transferred approximately $190,000 to Stewardship Partners Group, LLC. Further, the will assist
13 the Trustee in identifying the persons and entities that hold convertible notes which may
14 ultimately be creditor's of the estate. Indeed, one of the creditors who commenced the involuntary
15 bankruptcy proceeding is owed a debt based on a convertible note for funds issued to one of the
16 Debtor's entities and which was diverted for the Debtor's benefit. Moreover, the Trustee has
17 serious concerns regarding the Debtor's delay in producing the information being requested.
18 Finally, the order will allow the Trustee to review the Debtor's financial information, the
19 transactions among the Debtor to assist the Trustee with understanding the Debtor's business
20 dealings and financial affairs, identify potential avoidance actions, and trace potential funds that
21 the Debtor or his spouse has received or has an interest.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

2418182.1 14529.014

8

APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004

**WHEREFORE,** the Trustee prays that the Application be granted, and for such other and further relief as the Court deems necessary and proper.

DATED: September 13, 2023

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee