47

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 22-22056<br>Chapter 7 |
| DAVID R. MICHAL, | |
| | DCN: KMT-6 |
| Debtor. | **EXHIBITS IN SUPPORT OF MOTION<br>FOR TURNOVER** |
| | Judge:     Hon. Christopher M. Klein<br>Date:      September 25, 2023<br>Time:      10:00 a.m.<br>Location: Dept. C, Courtroom 35 |

| **EXHIBIT NO.** | **DESCRIPTION** | **PAGE NO.** |
|:---:|:---|:---:|
| **A** | Diagrams of Debtor's Entities (Bubble Chart) | 2–5 |
| **B** | July 24, 2023 Requests | 6–9 |
| **C** | Balance Sheets | 10–25 |
| **D** | September 8, 2023 Emails | 26–33 |
| **E** | September 7, 2023 Letter to Matthew Taylor | 34–39 |
| **F** | September 12, 2023 Emails | 40–47 |

DATED: September 13, 2023      KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

2418819.1 14529.014

EXHIBITS IN SUPPORT OF MOTION FOR TURNOVER

# Exhibit A

*RW's Working Copy*



**2**

## 2015 - 2019 Tax Flow Chart / Michal Family

### Marshall Melton Lawsuit Began End of 2015

**Michal Management Services Company**



**Old Structure See 1st Flow Chart**

- Reaven, Inc NV – C Corp
- Legacy Partners 314 NV - LLC
- All Companies Prior To 2015

New Structure

Everlasting Loaned To MSH

- Everlasting Investments, NV LLC 2016
- Mustard Seed NV LLC 2016 100% owned by Everlasting

Dave Michal borrowed funds from private lenders to fund. Some lenders have rights to convert loans to equity into Mustard Seed Holdings.

Loaned Funds To Companies between 2016 to 2021 for Convertible Interest at later date.

- Final Draft Brewing Co. CA LLC K1's exist for all years
- Steeped Coffee Deleware B-Corp Owned by MSH by convertible note / no tax return
- VisionCare Device CA LLC K1's exist for all years
- Infinite Water NV C Corp Owned by Mustard Seed Debenture / no tax return
- Authentic Sales, LLC K1's exist for all years

- Michal Living Trust of 2000
- Dave & Christy Michal Debt

Assets held as disregarded entities owned by Christine Michal

- Elias Michal Ventures CA LLC 2015
- Eternal Mgmt Solutions WY LLC 2019
- Redding Dev Partners, LLC CA LLC 2019 K1's exist for all years
- Tyndale Capital WY LLC 2019
- Monmouth Holdings, LLC TX LLC K1's exist for all years
- 7 Companies 2019 to 2021

**4**



③ **Tax Flow Chart to Everlasting Investments, LLC**

**Tax Flow to Stewardship Partners Groups, LLC**

Everlasting Investments, NV LLC 2016

Dave Michal borrowed funds from private lenders to fund. Some lenders have rights to convert loans to equity into Mustard Seed Holdings.

Loaned Funds To Companies between 2016 to 2021 for Convertible Interest at later date.

Mustard Seed NV LLC 2016

Tax Flow

Final Draft Brewing Co. CA LLC

Steeped Coffee Deleware B-Corp

VisionCare Device CA LLC

Infinite Water NV C Corp

Authentic Sales, LLC

Merican Beverage Company WY LLC 2021

Merican Beverage California CA LLC 2022

East Dev Partners CA LLC 2022

Elias / Michal Trusts See Page 4

Spring Creek CA LLC 2022

Triple 7 Ranch WY LLC 2020

Daniela Road CA LLC 2018

Trinidad Revival CA LLC 2022

Liberty Dev Partners CA LLC 2022

Stewardship Partners Group WY LLC 2020

Tax Flow

BlueGold Capital WY LLC 2022

Eternal Mgmt Solutions WY LLC 2019

Redding Dev Partners, LLC CA LLC 2019

Tyndale Capital WY LLC 2019

Monmouth Fund Deleware LP

7 Companies 2019 to 2021

100XR Ventures WY LLC 2021

Ergon Capital Holdings WY LLC 2021

VisionMed Capital WY LLC 2021

④



**Tax Flow Chart to Michal New Trust Structure**

Dave     Christy

Dave Grants To     Christy Grants To

**Chrave**
**WY LLC 2021**
**Owned 100%**
**Pacific Justice Institute**

**Abson Trust**
**2020**
**Owned 100% Dave**
**Michal**

**Elk Bluff Legacy Trust**
**2021**
**Owned 100% Christy**
**Michal**

**Stewardship Partners**
**Group**
**WY LLC 2020**
**Owned 50% Noah Elias**
**& 50% RKC Partners**

**RKC Partners Group**
**WY LLC 2021**
**Owned 100% Christy**
**Michal**

# Exhibit B

**From:** kh7trustee@gmail.com <kh7trustee@gmail.com>
**Sent:** Tuesday, July 25, 2023 7:06 PM
**To:** 'Patricia Wilson' <patricia@bankruptcylawyerredding.com>
**Cc:** Herrera, Gabriel <gherrera@kmtg.com>; 'Michael Gabrielson' <cpa711@sbcglobal.net>
**Subject:** Follow up questions from the 7/24 continued 341

Patricia,

We agreed I would send you a list of items I had captured as "needs" or requests at yesterday's meeting.  My notes reflect:

1) Case number of the 2003 Georgia bankruptcy filing
2) Mr. Michal said at his trial before Judge Klein that he had a list of 30-40 entities.  I believe most of these are on the various flow charts but it would be easier if we had them truly listed versus a visual flow chart of bubbles.
3) A full list of all bank accounts operated by the individual LLCs (not the accounts of the companies like Vision Care, just the accounts for the entities owned or managed by the Michal's
4) For the recently discovered Christy Michal's bank account we asked for 90 days prior to the August 2022 filing (May/June/July 2022).
5) A complete list of what is inside Christy Michal's safe.
6) The loan agreement paperwork for the RLOC from Stewardship Partners to Christy Michal.
7) Contact information of the Lewallens and a copy of the loan agreement for the home loan.  I got an amortization table but not the agreement.
8) The trucks were discussed as being in the Michal's names but leased to the company for business use.  We need to see the Registration or title and any formalized lease agreement for the business entities.  This would include more information on the truck driven by Jason Bornman.  I think it was identified as being owned by Everlasting
9) The lease agreement (month to month) on the rental properties managed by Mrs. Michal
10) The street addresses and APNs for the properties being rented
11) Copies of the loan documents for the *seller financed purchases* of the properties by EMV (I think that is Everlasting?)
12) Loan or management agreement for Legacy to be able to pay the DRC debts. (It may be unrelated, but I wrote Chris Camman and Robbie Fender next to this bullet, but I'm not sure if it relates.  Maybe Mr. Michal can confirm if they are related to either of these entities?)
13) Legacy Partners booked the defense of the involuntary filing as being Legal fees of Legacy Partners.  Is there something in writing between Mr. Michal and Legacy to allow them to pay the bankruptcy legal fees?
14) Quickbook Files for the entities that are maintained by Joel Heyser or by Mr. Michal's office staff  for the benefit of his work on the taxes.  A QBB on a flash drive is ideal, unless this is a cloud based enterprise Quickbooks.
15) To confirm all potential creditors are listed I noted we needed a complete list of what Mr. Michael referred to as "inbound partners" or the people who parked their money.
16) Monmouth entities (both Holding and Ventures) operating agreements
17) A list of investments made by Mustard Seed and Everlasting – this was requested to be a detail of an APN and Street address, a business location if a start up investment.  Dates of the acquisitions would be helpful as well as the amount invested.
18) There was a discussion about insurance maintained by any of the entities and it was related it was just "general liability".  I asked for the list of policies and broker contact information so I could determine if there was anything akin to D&O policy
19) We asked for contact information and introduction to Sterling Vineyard and identification of what entities he is involved in (Just Monmouth?  Others?)

**8**

20) Names and timelines of the CPA firms that were used including any contact information (names/addresses/phones) for all the firms.
21) Operating agreements for all LLCs
22) The "overview documents" referenced in the convertible note agreements. Documents shown to people considering entering into one of these convertible notes.
23) Amounts of the investments made into any/all of the entities by Chantal and Noah Elias.
24) The list of the employees in California and Nevada that are paid for tracking businesses/attracting new businesses. Mr. Michal said when discussing the 100XR Ventures that the names on the document were marketers but he had other people who work to bring in business or manage the business. We need to know who these people are and how to reach them (email and phone, address where a 1099 might be sent, etc.). Lets make that from January 2022 to present.
25) A copy of the promissory notes signed by Vision Care.
26) The Balance Sheets for the entities doesn't list the Assets owned. Mr. Michal said he had flowcharts or spreadsheets that listed the assets. We asked for those to be provided including if they were loans owed to an entity by a person. The Balance sheets provided show a number of assets held being loans owed by individuals and entities (Noah Studios, as an example)

I recognize that some of the items here might be provided already or partially provided in the dropbox, but this is the best collection of items we agreed were needed or to be produced yesterday. I tried to organize things a bit, but the above is still quite messy.


*Kimberly Husted*

Chapter 7 Bankruptcy Trustee

Eastern District of California

11230 Gold Express Dr., Ste 310-411

Gold River, CA 95670

(916) 635-1939

Kh7trustee@gmail.com

Website at https://pages.trustesolutions.com/TrusteeHusted


CONFIDENTIALITY NOTICE: This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information is strictly prohibited and may be subject to legal restriction or sanction. Please notify the sender immediately by electronic mail or telephone at 916.635-1939, of any unintended recipients and delete the original message without making any copies.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary, this e-mail message, its contents, and any attachments are not intended to represent an offer to enter into a contract or an acceptance of any offer, and are not otherwise intended to bind the sender or any other person or entity.

\

# Exhibit C

# Eternal Management Solutions, LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| EMS Gen Acct (6501) - 1 | -134,614.58 |
| EMS Ops Acct (8105) - 1 | 300.00 |
| EMS WY General (8398) - 1 | 2,100.80 |
| EMS WY Operations (8380) - 1 | 13,190.59 |
| **Total Bank Accounts** | **$ -119,023.19** |
| Other Current Assets | |
| Uncategorized Asset | |
| Convertible Debenture to Infinite Water | 775,000.00 |
| Convertible Loan to Cook Ventures | 50,000.00 |
| Furnishing, Appliances, & Other Contents | 479.46 |
| Loans to ACM Investments | 83,000.00 |
| Loans to Axiom | 35,000.00 |
| Loans to Bluegold Cap. | 50,200.00 |
| Loans to Bob Shanks | 30,000.00 |
| Loans to Daniels Rd. | 5,000.00 |
| Loans to Deer Creek Legacy | 124,056.00 |
| Loans to Dylan Pearson | 200,000.00 |
| Loans to EMV RLOC | 6,608.46 |
| Loans to Ergon Cap. RLOC | 200.00 |
| Loans to Espada Trust | 34,000.00 |
| Loans to Espada Ventures LLC | 182,500.00 |
| Loans to Etherix | 285,000.00 |
| Loans to Everlasting RLOC | 50,000.00 |
| Loans to High Desert Lumber | 320,000.00 |
| Loans to IAAAO Holdings | 480,000.00 |
| Loans to Jared Andreasen Trust | 19,990.00 |
| Loans to Jason Borneman RLOC | 119,362.00 |
| Loans to Jon Thompson | 72,000.00 |
| Loans to Legacy Partners Revolving LOC | 24,550.00 |
| Loans to Marty Miesner | 65,000.00 |
| Loans to Merican CA | 0.00 |
| Loans to Michael Davis | 5,000.00 |
| Loans to Mustard Seed RLOC | 4,516,500.00 |
| Loans to Providence International | 57,000.00 |
| Loans to Reaven Revolving LOC | 12,500.00 |
| Loans to Ryan Purdie | 100,000.00 |
| Loans to Steven Schisler | 3,000.00 |
| Loans to Stewardship Partners Revolving LOC | 308,700.00 |
| Loans to Ten Talents Legacy | 277,500.00 |
| Loans to Terri Ardrey | 35,000.00 |

# Eternal Management Solutions, LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---:|
| Loans to Triple Seven Ranch | 5,000.00 |
| Loans to Tyndale Capital Revolving LOC | 666,005.00 |
| Loans to VCD SPV | 100.00 |
| Loans to Vision Care Devices | 685,000.00 |
| **Total Uncategorized Asset** | **9,683,250.92** |
| **Total Other Current Assets** | **$9,683,250.92** |
| **Total Current Assets** | **$9,564,227.73** |
| **TOTAL ASSETS** | **$9,564,227.73** |
| LIABILITIES AND EQUITY |  |
| Liabilities |  |
| Long-Term Liabilities |  |
| Conv. Notes Payable / Joshua Bezoni | 100,000.00 |
| Notes Payable |  |
| Conv. Note Payable / Face Value Prod / Harbison | 200,000.00 |
| Conv. Note Payable / GHS Energy LLC / Miesner | 50,000.00 |
| Conv. Note Payable / Joel Taylor | 50,000.00 |
| Conv. Note Payable / NetSound Inc / Thompson | 140,000.00 |
| Conv. Note Payable / Scott Ligertwood | 400,000.00 |
| Conv. Notes Payable / Ahab Alhindi | 301,000.00 |
| Conv. Notes Payable / Andreasen LLC. | 200,000.00 |
| Conv. Notes Payable / Arbor Villas Apartments | 200,000.00 |
| Conv. Notes Payable / Bill Johnson | 401,800.00 |
| Conv. Notes Payable / Brandon Bollinger | 151,200.00 |
| Conv. Notes Payable / Brian Woods | 50,000.00 |
| Conv. Notes Payable / Charles Bollinger | 583,400.00 |
| Conv. Notes Payable / Chris Tomlin | 500,000.00 |
| Conv. Notes Payable / David Welk | 50,000.00 |
| Conv. Notes Payable / Donald Schafer | 21,000.00 |
| Conv. Notes Payable / Dylan Pearson | 200,000.00 |
| Conv. Notes Payable / Eastside Marketing | 200,000.00 |
| Conv. Notes Payable / Espada Trust | 193,750.00 |
| Conv. Notes Payable / Espada Ventures | 125,000.00 |
| Conv. Notes Payable / Ethan McNeil | 14,000.00 |
| Conv. Notes Payable / Flagship | 50,400.00 |
| Conv. Notes Payable / H & H Management | 1,199,800.00 |
| Conv. Notes Payable / Hendy Inc. | 50,400.00 |
| Conv. Notes Payable / IAAAO Holdings | 1,000,000.00 |
| Conv. Notes Payable / Jon Thompson | 209,550.00 |
| Conv. Notes Payable / Phil Hicks | 500,000.00 |
| Conv. Notes Payable / Phil Wickham | 300,000.00 |
| Conv. Notes Payable / Pinnacle Opportunity Team | 24,000.00 |
| Conv. Notes Payable / Providence International | 54,150.00 |

# Eternal Management Solutions, LLC

## Balance Sheet

### All Dates

| | TOTAL |
|---|---|
| Conv. Notes Payable / Ronald Rock | 63,000.00 |
| Conv. Notes Payable / Royal Arts Holdings | 9,800.00 |
| Conv. Notes Payable / Teresa McNeil | 19,600.00 |
| Conv. Notes Payable / THK Investments | 25,200.00 |
| Conv. Notes Payable / Worklife / Spada | 87,500.00 |
| Notes Payable / 100XR Revolving LOC | 45,000.00 |
| Notes Payable / CNC Development LLC | 45,000.00 |
| Notes Payable / Cody Group LLC | 39,200.00 |
| Notes Payable / Deer Creek Legacy Revolving LOC | 614,000.00 |
| Notes Payable / Fabiano Altamura | 50,000.00 |
| Notes Payable / Final Draft Brewing | 94,000.00 |
| Notes Payable / In & Out Smart Repair | 28,000.00 |
| Notes Payable / Lewallen / For Tyndale - RDP6 | 100,000.00 |
| Notes Payable / McClure Family Living Trust | 49,000.00 |
| Notes Payable / Noah Studios | 440,000.00 |
| Notes Payable / Poole Trust | 100,000.00 |
| Notes Payable / Redding Dev Partners Revolving LOC | 3,500.00 |
| Notes Payable / Robert Shank | 25,000.00 |
| Notes Payable / Ten Talents Legacy Trust | 265,000.00 |
| Notes Payable / TJB Consulting | 42,000.00 |
| Notes Payable / Vanderploeg | 500,000.00 |
| **Total Notes Payable** | **10,064,250.00** |
| **Total Long-Term Liabilities** | **$10,164,250.00** |
| **Total Liabilities** | **$10,164,250.00** |
| Equity | |
| Owner's Pay & Personal Expenses | -1,006.50 |
| Retained Earnings | |
| Net Income | -599,015.77 |
| **Total Equity** | **$ -600,022.27** |
| **TOTAL LIABILITIES AND EQUITY** | **$9,564,227.73** |

# Stewardship Partners LLC

## Balance Sheet

### All Dates

| | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| Stewardship Part (1352) - 1 | -291,939.52 |
| **Total Bank Accounts** | **$ -291,939.52** |
| Other Current Assets | |
| Loans to others | 0.00 |
| Convertible Debenture to Infinite Water | 60,000.00 |
| Loan to Theory Coffee | 0.00 |
| Loans to Bulk Home Buyers RLOC | 0.00 |
| Loans to Chrave | 600.00 |
| Loans to Daniel Rd. / Trinidad House | 23,262.56 |
| Loans to Daniels Rd. LLC | 166,761.40 |
| Loans to East Dev Partners | 22,355.00 |
| Loans to EMS RLOC | 153,600.00 |
| Loans to EMV RLOC | 111,000.00 |
| Loans to Ergon RLOC | 25,500.00 |
| Loans to James Broussard / Axiom Inc. | 30,000.00 |
| Loans to JMAD | 138,021.37 |
| Loans to Joel Taylor | 100,000.00 |
| Loans to Legacy Partners RLOC | 340,100.00 |
| Loans to Liberty Dev Partners | 6,000.00 |
| Loans to Merican CA | 307,000.00 |
| Loans to Reaven RLOC | 3,000.00 |
| Loans to Redding Dev Partners RLOC | 407,653.70 |
| Loans to Riverside Dev Partners | 200.00 |
| Loans to RKC Partners RLOC | 85,100.00 |
| Loans to Spring Creek Investments | 209,000.00 |
| Loans to Triple 7 Ranch RLOC | 22,483.34 |
| Loans to Tyndale RLOC | 500.00 |
| Loans to Vision Care | -150,996.13 |
| **Total Loans to others** | **2,061,141.24** |
| Loans to partners | 0.00 |
| Loans to ACM Investments | 338,000.00 |
| Loans to Christy Michal | 193,653.11 |
| Loans to Deer Creek Legacy | 30,000.00 |
| Loans to Great Flood Publishing | 48,000.00 |
| Loans to High Desert Lumber | 265,000.00 |
| Loans to Noah Elias | 263,150.00 |
| Loans to Noah Studios RLOC | 100,000.00 |
| Loans to Ten Talents Legacy | 100,000.00 |

# Stewardship Partners LLC

## Balance Sheet

### All Dates

| | TOTAL |
|---|---|
| **Total Loans to partners** | **1,337,803.11** |
| **Total Other Current Assets** | **$3,398,944.35** |
| **Total Current Assets** | **$3,107,004.83** |
| **TOTAL ASSETS** | **$3,107,004.83** |
| LIABILITIES AND EQUITY | |
| Liabilities | |
| Long-Term Liabilities | |
| Long-term loans from partners | 0.00 |
| Notes Payable / 100XR RLOC | 150,800.00 |
| Notes Payable / Daniels Rd. | 9,500.00 |
| Notes Payable / EMS RLOC | 350,100.00 |
| Notes Payable / EMV RLOC | 34,402.80 |
| Notes Payable / ETrade Securities | 0.00 |
| Notes Payable / Everlasting RLOC | 1,996,900.00 |
| Notes Payable / Jack Lewallen | 200,000.00 |
| Notes Payable / MeriCan CA | 5,000.00 |
| Notes Payable / Merican WY | 49,800.00 |
| Notes Payable / Mustard Seed RLOC | 251,500.00 |
| Notes Payable / Trinidad Revival | 53,500.00 |
| Notes Payable / Tyndale RLOC | 1,000.00 |
| Notes Payable /. Ligertwood | 250,000.00 |
| **Total Long-term loans from partners** | **3,352,502.80** |
| **Total Long-Term Liabilities** | **$3,352,502.80** |
| **Total Liabilities** | **$3,352,502.80** |
| Equity | |
| Opening balance equity | -5,500.00 |
| Personal Expense / Owner's Pay | -806.62 |
| Retained Earnings | 0.00 |
| Net Income | -239,191.35 |
| **Total Equity** | **$ -245,497.97** |
| **TOTAL LIABILITIES AND EQUITY** | **$3,107,004.83** |

# Stewardship Partners LLC

Profit and Loss

All Dates

| | TOTAL |
|---|---|
| Income | |
|   Uncategorized Income | 0.00 |
|   Interest Payment | 0.00 |
|     Interest Payment / Creative Planning Solutions | 833.33 |
|   **Total Interest Payment** | **833.33** |
|   **Total Uncategorized Income** | **833.33** |
| **Total Income** | **$833.33** |
| GROSS PROFIT | **$833.33** |
| Expenses | |
|   Accounting, Legal, & Professional Services | 0.00 |
|   Professional Services | 0.00 |
|     Professional Services / Divine Leadership | 2,500.00 |
|   **Total Professional Services** | **2,500.00** |
|   **Total Accounting, Legal, & Professional Services** | **2,500.00** |
|   Advertising & marketing | 15,000.00 |
|   Business licenses | 365.00 |
|   Contributions to charities | 81,972.20 |
|   Donations | 89,972.20 |
|   **Total Contributions to charities** | **171,944.40** |
|   General business expenses | 0.00 |
|   Bank fees & service charges | 190.00 |
|   Memberships & subscriptions | 10,000.00 |
|   Online Subscriptions | 200.00 |
|   Reimbursable Expenses | 2,989.00 |
|   **Total General business expenses** | **13,379.00** |
|   Interest paid | 15,000.03 |
|   Meals | 1,899.24 |
|   Office expenses | 0.00 |
|   Office supplies | 22.78 |
|   **Total Office expenses** | **22.78** |
|   Repairs & maintenance | 4,684.92 |
|   Supplies | 0.00 |
|   Supplies & materials | 1,818.00 |
|   **Total Supplies** | **1,818.00** |
|   Taxes paid | 355.00 |

# Stewardship Partners LLC

## Profit and Loss

### All Dates

|  | TOTAL |
|---|---|
| Travel | 58.15 |
|   Airfare | 969.60 |
| **Total Travel** | **1,027.75** |
| **Total Expenses** | **$227,996.12** |
| NET OPERATING INCOME | **$ -227,162.79** |
| Other Expenses |  |
|   Vehicle expenses | 11,928.56 |
|    Vehicle gas & fuel | 100.00 |
|   **Total Vehicle expenses** | **12,028.56** |
| **Total Other Expenses** | **$12,028.56** |
| NET OTHER INCOME | **$ -12,028.56** |
| NET INCOME | **$ -239,191.35** |

# Mustard Seed Holdings LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| **ASSETS** |  |
| Current Assets |  |
| Bank Accounts |  |
| Business Advantage Chk - 1670 (1670) | 39,827.30 |
| **Total Bank Accounts** | **$39,827.30** |
| Other Current Assets |  |
| Uncategorized Asset |  |
| Conv. Note Purchase / Deer Creek Legacy / VCD Shares | 320,000.00 |
| Conv. Note Purchase / Millage / VCD | 15,000.00 |
| Conv. Note Purchase / Millage / VCD 400/SHR | 250,000.00 |
| Conv. Notes Purchase / Millage / MSH | 200,000.00 |
| Convertible Debenture to Infinite Water | 592,000.00 |
| Convertible Loan to Authentic Sales | 10,000.00 |
| Convertible Loan to HyGen Ind. | 8,000.00 |
| Convertible Loan to Steeped Coffee | 30,000.00 |
| Convertible Loans to Final Draft | 21,600.00 |
| Furnishing, Appliances, & Other Contents | 2,740.24 |
| Loan to Great Flood Publishing | 21,500.00 |
| Loan to Legacy Partners | 8,500.00 |
| Loan to Noah Elias | 4,000.00 |
| Loan to Noah Studios | 15,000.00 |
| Loan to Redding Dev. Partners | 1,210.00 |
| Loan to Steeped Coffee | 100,000.00 |
| Loan to Stephen Stocklin | 20,000.00 |
| Loan to Vision Care Devices | 831,492.71 |
| Loans to Elias Michal Ventures RLOC | 437,723.33 |
| Loans to Everlasting Inv. RLOC | 3,888,495.00 |
| Loans to Jason Borneman | 203,750.00 |
| Loans to Merican CA RLOC | 5,000.00 |
| Loans to On The Beam | 670.00 |
| Loans to Providence International | 5,000.00 |
| Loans to Sand Snowman | 63,000.00 |
| Loans to Stewardship Partners RLOC | 226,500.00 |
| Retainage / Crowd Check Legal | 10,000.00 |
| **Total Uncategorized Asset** | **7,291,181.28** |
| **Total Other Current Assets** | **$7,291,181.28** |
| **Total Current Assets** | **$7,331,008.58** |
| **TOTAL ASSETS** | **$7,331,008.58** |

# Mustard Seed Holdings LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| **LIABILITIES AND EQUITY** |  |
| Liabilities |  |
| Current Liabilities |  |
| Other Current Liabilities |  |
| Loan Payable to Sonetics Corporation | 500,000.00 |
| **Total Other Current Liabilities** | **$500,000.00** |
| **Total Current Liabilities** | **$500,000.00** |
| Long-Term Liabilities |  |
| Notes Payable |  |
| Conv. Notes Payable / Blanchard Trust | 105,000.00 |
| Conv. Notes Payable / Broadstone Holdings | 40,000.00 |
| Conv. Notes Payable / Eastside Corp / Marion | 200,000.00 |
| Conv. Notes Payable / EMS (VCD) | 3,365,000.00 |
| Conv. Notes Payable / Joseph Blanchard | 15,000.00 |
| Conv. Notes Payable / Lewallen / MSH | 45,000.00 |
| Conv. Notes Payable / Nathan Goad | 50,000.00 |
| Conv. Notes Payable / Page Partners | 100,000.00 |
| Conv. Notes Payable / Paul McClendon | 30,000.00 |
| Conv. Notes Payable / Peter Dillon | 37,500.00 |
| Conv. Notes Payable / Sword Maker Investments | 37,500.00 |
| Conv. Notes Payable / Ten Talents Legacy Trust | 50,000.00 |
| Notes Payable / Christy Michal RLOC | 129,600.00 |
| Notes Payable / Conv. to Ergon Capital | 844,246.00 |
| Notes Payable / Deer Creek Legacy | 200,723.36 |
| Notes Payable / EMS RLOC | 1,051,500.00 |
| Notes Payable / EMV RLOC | 39,885.08 |
| Notes Payable / Everlasting RLOC | 881,105.00 |
| Notes Payable / OnTheBeam RLOC | 10.00 |
| Notes Payable / Tyndale Capital RLOC | 6,500.00 |
| **Total Notes Payable** | **7,228,569.44** |
| **Total Long-Term Liabilities** | **$7,228,569.44** |
| **Total Liabilities** | **$7,728,569.44** |
| Equity |  |
| Opening Balance Equity | 6,377.52 |
| Owner's Pay & Personal Expenses | -900.00 |

# Mustard Seed Holdings LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| Partner Distributions |  |
| Partner Distributions / Danielle Leonard | -5,000.00 |
| Partner Distributions / Dave Nieman | -10,000.00 |
| Partner Distributions / Deborah Kolb | -15,000.00 |
| Partner Distributions / Matthew Wolcott | -4,800.00 |
| Partner Distributions / Stephen Parrish | -25,000.00 |
| **Total Partner Distributions** | **-59,800.00** |
| Retained Earnings |  |
| Net Income | -343,238.38 |
| **Total Equity** | **$ -397,560.86** |
| **TOTAL LIABILITIES AND EQUITY** | **$7,331,008.58** |

# Everlasting Investments LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| **ASSETS** | |
| Current Assets | |
| Bank Accounts | |
| Business Adv Relationship - 4335 | -869,907.85 |
| **Total Bank Accounts** | **$ -869,907.85** |
| Other Current Assets | |
| Uncategorized Asset | 0.00 |
| CausWave Stock Purchase | 8,000.00 |
| Convertible Debenture to Infinite Water | 48,000.00 |
| Furnishing, Appliances, & Other Contents | 13,473.69 |
| Loan to Great Flood Publishing | 70,500.00 |
| Loan to Legacy Partners RLOC | 285,000.00 |
| Loan to Noah Elias | 70,380.71 |
| Loan to Noah Studios | 321,750.00 |
| Loan to Theresa Paugh | 1,734.17 |
| Loan to Vision Care Devices | 168,569.03 |
| Loans to Acct. 6640 & CA TLR (Dave Michal) | 48,000.00 |
| Loans to Bayith Tamelo | 102,000.00 |
| Loans to Brian Johnson | 200,000.00 |
| Loans to Bulk Home Buyers | 22,049.00 |
| Loans to Carl Mckay | 82,000.00 |
| Loans to Christy Michal RLOC | 160,040.07 |
| Loans to Creative Planning Solutions | 30,000.00 |
| Loans to Cronic Construction | 6,000.00 |
| Loans to Daniels Rd. / Trinidad | 12,000.00 |
| Loans to Daniels Rd. RLOC | 38,911.17 |
| Loans to Deer Creek Legacy | 3,150.00 |
| Loans to DRC Properties | 110,743.60 |
| Loans to Elias Michal Ventures RLOC | 796,491.73 |
| Loans to Jason Borneman | 86,450.00 |
| Loans to Jason Hull | 10,000.00 |
| Loans to Merican Beverage Co. | 214.51 |
| Loans to Merican CA | 10,000.00 |
| Loans to Mustard Seed RLOC | 864,255.00 |
| Loans to On The Beam RLOC | 1,025.00 |
| Loans to Paul Staples / Hygein | 12,500.00 |
| Loans to Reaven RLOC | 47,550.00 |
| Loans to Robert Hancock | 942.15 |
| Loans to Rock Family Trust | 11,050.00 |
| Loans to Stewardship Partners RLOC | 2,038,900.00 |
| Loans to Tarmac Holdings | 7,500.00 |
| Loans to Tyndale Capital RLOC | 140,500.00 |

# Everlasting Investments LLC

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---|
| **Total Uncategorized Asset** | **5,829,679.83** |
| **Total Other Current Assets** | **$5,829,679.83** |
| **Total Current Assets** | **$4,959,771.98** |
| Fixed Assets | |
| Buildings | 1,686.83 |
| **Total Fixed Assets** | **$1,686.83** |
| **TOTAL ASSETS** | **$4,961,458.81** |
| **LIABILITIES AND EQUITY** | |
| Liabilities | |
| Long-Term Liabilities | |
| Notes Payable | 0.00 |
| Conv Notes Payable / Andreasen LLC | 105,000.00 |
| Conv. Notes Payable / EMS RLOC | 50,000.00 |
| Notes Payable / Bank of America LOC | 6,500.00 |
| Notes Payable / Brian Johnson (VCD) | 75,000.00 |
| Notes Payable / Bulk Home Buyers | 2,500.00 |
| Notes Payable / Christy Michal RLOC | 95,000.00 |
| Notes Payable / Conv Note Danielle Leonard | 35,000.00 |
| Notes Payable / DRC Properties | 1,056.26 |
| Notes Payable / Elias Michal Ventures RLOC | 212,273.33 |
| Notes Payable / Evergreen Note Servicing | 0.00 |
| Notes Payable / Gail Selby | 250,000.00 |
| Notes Payable / JJ Taylor | 148,163.34 |
| Notes Payable / JMAD | 102,000.00 |
| Notes Payable / Legacy Partners RLOC | 476,100.00 |
| Notes Payable / Murchison Asset Group | 4,700.00 |
| Notes Payable / Mustard Seed RLOC | 3,935,995.00 |
| Notes Payable / Noah Studios | 342,500.00 |
| Notes Payable / Northcay Convertible | 50,000.00 |
| Notes Payable / Rachel Rhodes | 10,000.00 |
| Notes Payable / Reavan Inc. | 416,000.00 |
| Notes Payable / Shank Stewardship Convertible | 130,000.00 |
| Notes Payable / SpecialTea Coffee | 20,000.00 |
| Notes Payable / Stewardship Partners RLOC | 42,000.00 |
| Notes Payable / Stewardship Trust Convertible | 25,000.00 |
| Notes Payable / Teela Miesner | 76,000.00 |
| Notes Payable / Ten Talents Legacy Trust | 50,000.00 |
| Notes Payable / Tim Reaves | -4,443.32 |
| Notes Payable / Triple 7 Ranch RLOC | 6,800.00 |
| Notes Payable / Tyndale Capital RLOC | 62,500.00 |

# Everlasting Investments LLC

## Balance Sheet

### All Dates

|                                                      | TOTAL            |
|------------------------------------------------------|------------------|
| **Total Notes Payable**                              | **6,725,644.61** |
| Notes Payable / Chicoine Revocable Trust             | 0.00             |
| Notes Payable / Collyer                              | -55,000.00       |
| **Total Notes Payable / Chicoine Revocable Trust**   | **-55,000.00**   |
| Notes Payable to Jack Lewallen                       | 0.00             |
| Notes Payable / Mission Sierra                       | -50,000.00       |
| **Total Notes Payable to Jack Lewallen**             | **-50,000.00**   |
| **Total Long-Term Liabilities**                      | **$6,620,644.61**|
| **Total Liabilities**                                | **$6,620,644.61**|
| Equity                                               |                  |
| Opening Balance Equity                               | 1,907.10         |
| Owner's Pay & Personal Expenses                      | -24,357.76       |
| Retained Earnings                                    | 0.00             |
| Net Income                                           | -1,636,735.14    |
| **Total Equity**                                     | **$ -1,659,185.80** |
| **TOTAL LIABILITIES AND EQUITY**                     | **$4,961,458.81**|

# Reaven Inc.

## Balance Sheet

### All Dates

|  | TOTAL |
|---|---:|
| **ASSETS** | |
|   Current Assets | |
|   Bank Accounts | |
|    Cash | -585.00 |
|    Reaven (1216) - 1 | -338,980.94 |
|   **Total Bank Accounts** | **$ -339,565.94** |
|   Other Current Assets | |
|    Loans to others | 0.00 |
|    Loans to Angeline Fong | 2,200.00 |
|    Loans to BHB (6992) | 400.00 |
|    Loans to Christy Michal | 33,290.00 |
|    Loans to Daniels Rd. | 26,633.45 |
|    Loans to Dean Kannier | 8,394.36 |
|    Loans to Elias Michal Ventures | 28,000.00 |
|    Loans to Everlasting | 399,500.00 |
|    Loans to Ian & Corbett Nelson | 5,000.00 |
|    Loans to Jeff Riggs | 53,650.00 |
|    Loans to Karen Bosworth | 5,000.00 |
|    Loans to Legacy Partners | 1,165.00 |
|    Loans to Lynn Barnes | 23,750.00 |
|    Loans to Monmouth | 10,000.00 |
|    Loans to Murchison Asset Group | 3,510.00 |
|    Loans to Pinnacle Holdings | 5,500.00 |
|    Loans to Process Creative | 16,250.00 |
|    Loans to Secret Knock | 2,025.00 |
|    Loans to Special Tea & Coffee | 10,000.00 |
|    Loans to Steven Schisler | 31,500.00 |
|    Loans to Tyndale | 36,450.00 |
|    Loans to Vision Care Devices | 66,445.00 |
|   **Total Loans to others** | **768,662.81** |
|  **Total Other Current Assets** | **$768,662.81** |
| **Total Current Assets** | **$429,096.87** |
| **TOTAL ASSETS** | **$429,096.87** |

# Reaven Inc.

## Balance Sheet

All Dates

|  | TOTAL |
|---|---|
| LIABILITIES AND EQUITY |  |
|   Liabilities |  |
|   Long-Term Liabilities |  |
|   Notes Payable | 0.00 |
|   Notes Payable / BHB (1463) | 8,210.00 |
|   Notes Payable / Elias Michal Ventures | 2,000.00 |
|   Notes Payable / Eternal Management Solutions | 12,500.00 |
|   Notes Payable / Everlasting | 50,000.00 |
|   Notes Payable / Legacy Partners | 256,017.00 |
|   Notes Payable / Staunch Equity Group | 124,500.00 |
|   Notes Payable / Stewardship Partners | 3,000.00 |
|   Notes Payable / Tyndale | 19,000.00 |
|   **Total Notes Payable** | **475,227.00** |
|   **Total Long-Term Liabilities** | **$475,227.00** |
|   **Total Liabilities** | **$475,227.00** |
|   Equity |  |
|   Opening balance equity | 36.32 |
|   Personal expenses | -4,000.00 |
|   Retained Earnings | 0.00 |
|   Net Income | -42,166.45 |
|   **Total Equity** | **$ -46,130.13** |
| **TOTAL LIABILITIES AND EQUITY** | **$429,096.87** |

# Exhibit D

**Xiong, Bao**

| | |
|---|---|
| **From:** | Oliner, Ron <ROliner@duanemorris.com> |
| **Sent:** | Friday, September 8, 2023 10:44 AM |
| **To:** | Herrera, Gabriel |
| **Cc:** | kh7trustee@gmail.com; Micros, Deanna; Xiong, Bao |
| **Subject:** | RE: In re Michal |

Good morning Gabe.

This is in follow up to our call yesterday and my voicemail late yesterday.  In a few moments, we will send you a BizCom link with access to banking records for various accounts at Cornerstone Bank, Sierra Central Bank, and also Umpqua bank (both checking and savings).

I am trying to fix a date for Mr. Michal to meet with Ms. Husted and tender full contents of the safe and the corporate documents for the wholly owned entities.   These documents are in the Carson City office, as you heard at the Section 341 MOC last week.  We are trying to kill two birds (safe contents and documents), so please stand by for proposed date or dates.  I assured you, there is no mischief here – just schedules – your most recent offered dates being the 15th and 16th.

Insofar as the less than wholly owned entities on the Bubble Chart, I have alerted Attorney Aaron Moore to expect your communication.  I don't represent these entities.   If you would like me to send an email to you and to him, though I suspect you have his contact information, I will do so. There is another lawyer for the 'Texas entities' (my name for these, may not be accurate).  I will provide that counsel's coordinates.

David and his wife are taking a few days away right now but are reachable by me.  Please review what is coming by link shortly and let us know where we stand.   I expect to get remaining deliverables to you soon.

Thanks.

/ron

---

**From:** Herrera, Gabriel <gherrera@kmtg.com>
**Sent:** Thursday, September 7, 2023 9:42 AM
**To:** Oliner, Ron <ROliner@duanemorris.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Hi Ron,

Any update on the turnover issues and a date to obtain the corporate records? We are just looking for a date.

The trustee's concerned about the continued delay. She has also offered to go without Mr. Michal – although its unclear as to why a date sooner rather than later cannot be provided.

Thanks,

 **Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

**From:** Herrera, Gabriel
**Sent:** Tuesday, September 5, 2023 12:10 PM
**To:** Oliner, Ron <ROliner@duanemorris.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Hi Ron,

The order for relief may control to an extent under section 303(f). However, there are still section 549 issues that arise for funds that are used/transferred during the "gap" period. Thank you for looking into getting the deposit account statements for petition date forward and identifying the amounts in the accounts as of the order for relief.

We can talk about the other issues tomorrow.

Thanks,

 **Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Tuesday, September 5, 2023 11:58 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Thanks – below in red.

/ron

**28**



**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

P: +1 415 957 3104
F: +1 415 520 5308
C: +1 510 599 8043

E-MAIL | BIO | VCARD

---

**From:** Herrera, Gabriel <gherrera@kmtg.com>
**Sent:** Tuesday, September 5, 2023 11:37 AM
**To:** Oliner, Ron <ROliner@duanemorris.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Hi Ron,

What about the 15th or 16th?  I do not see a proposed date for the trustee to obtain access.  She needs the records prior to September 22, 2023 (the continued 341).  *I'm checking.*

Further, Mr. Michal does not need to be there if he cannot attend – the trustee asks that he just provide the trustee the address and contact person for the "shared space." *See below.*

At a minimum, the debtor must turnover the cash in the deposit accounts as of now (assuming its less than what was there on the date of the order for relief).  At the very least, it must be the amounts as of the date of the order for relief and if there are less funds than that date, the debtor will have to explain what was done with the funds.  *What were the amounts in the deposit accounts as of the date of the order for relief (i.e. June 5, 2023)?*  Does he have copies of deposit account statements from the petition date to the date of the order for relief?  *I believe the date the Order for Relief was entered controls, not the Petition Date.  Do you disagree?   I am requesting bank stmts to discern the dollar figures, and will endeavor to get you bank stmts from petition date forward.*

We also need the bylaws/operating agreement for at least the wholly owned entities.  What is the status on providing these documents? *He testified these records are in storage at Carson City.   He does not have these on hand.  He also testified that some guy named Matt or Steve Taylor (my notes are not great) can access them in Carson City, but Kim prefers to be there when accessed.*

I am around this afternoon until 4 and tomorrow.  Tomorrow better for me.

Thanks,



**Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Tuesday, September 5, 2023 11:13 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Gabe –

Following up on our brief call late on Friday, I know we have a host of open issues.  Among them, turnover of assets in the safe (they are secure, will remain so until tendered), Kim's access to corporate records in Carson City (neither the 6th or the 14th are good for my client), and turnover of cash is some accounts (open issue – as of what date? – this was an invol, ergo I don't think the petition date controls).  I also owe you a letter with the authorities and reasoning for requiring you to deal with other counsel re the downstream, or less than wholly owned entities.  As your calendar allows, please let me know when we can speak briefly before I take further steps.

/ron



Ron Oliner
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

**From:** Herrera, Gabriel <gherrera@kmtg.com>
**Sent:** Friday, September 1, 2023 10:27 AM
**To:** Oliner, Ron <ROliner@duanemorris.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** RE: In re Michal

Thanks Ron.

Are there still issues you want to discuss at this point via phone?

I am available until noon.

Thanks,

**30**

**Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Friday, September 1, 2023 8:11 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>
**Cc:** kh7trustee@gmail.com; Micros, Deanna <DMicros@duanemorris.com>; Xiong, Bao <bxiong@kmtg.com>
**Subject:** Re: In re Michal

Working on anchoring this down. Stand by.

Sent from my iPhone

> On Aug 31, 2023, at 2:30 PM, Herrera, Gabriel <gherrera@kmtg.com> wrote:
>
> Thanks Ron. We can talk tomorrow, and I will get you a stipulation on the 727 deadlines.
>
> With respect to the meeting for the turnover of the precious metals, the business records, and the funds in the deposit accounts, the trustee proposes **9/6/23**. Please let me know if that works.
>
> With respect to the vehicles, the trustee will likely have an auctioneer provide her an opinion of value on the vehicles – taking into consideration the liens before the trustee seeks possession (assuming she does).
>
> Please also include my assistant Bao Xiong on emails, as it makes it easier to keep track of everything.
>
> Thanks,
>
> **Gabriel P. Herrera** | Shareholder
> Kronick Moskovitz Tiedemann & Girard | kmtg.com
> 916.321.4334
>
> CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.
>
> **From:** Oliner, Ron <ROliner@duanemorris.com>
> **Sent:** Thursday, August 31, 2023 2:11 PM
> **To:** Herrera, Gabriel <gherrera@kmtg.com>; kh7trustee@gmail.com
> **Cc:** Micros, Deanna <DMicros@duanemorris.com>
> **Subject:** In re Michal
>
> Gabe,

I would like to de-brief with you following today's continued 341. First goal will be to set a firm date for turnover of safe contents and access to docs in Carson City, as well as to go over the list of items you still need from the Debtor. We are not in full agreement on what the Debtor has/can provide to you, but even where we can't give you something we can be of assistance insofar as contacts are concerned. And, per my notes from today, your client has today asked for the closing stmt and bank records re a recent sale that netted 190k approx. (Sorry, my notes are not very clear re the asset sold).

If Kim needs access to the trucks, we'll make that happen on short notice. My goal is to reduce issues, not play keep away. I'm going to instruct the Debtor to bring the full contents of the safe to the Carson City meeting, so let's please fix the date and time very soon so we don't drift and are in a position to conclude the 341 on Sept. 22. Please offer one or two dates and time for that meeting between our clients. Also, please send me a stip to kick out the 727 deadline.

Let me know when we can talk, or, in the alternative, if you prefer we do this by email only, I will await your communication. I'm open tmro a.m., all day Monday.

/ron



&lt;image001.jpg&gt;

www.duanemorris.com

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

---

**From:** Oliner, Ron
**Sent:** Thursday, August 31, 2023 8:54 AM
**To:** 'Herrera, Gabriel' <gherrera@kmtg.com>; kh7trustee@gmail.com
**Cc:** Micros, Deanna <DMicros@duanemorris.com>
**Subject:** Documents

Third email. Another account. Working on the rest.

With respect to your just imposed deadline of Friday to provide operating agreements and bylaws for wholly owned companies by tomorrow, we will provide but it's not possible to obtain these and forward them by tomorrow.   I need to turn to another matter now,  so we can sort things out later today.

Just received signed substitution.   To be filed with mandatory disclosures soon.

/ron



<www.duanemorris.com>

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# Exhibit E



**Gabriel P. Herrera**
gherrera@kmtg.com

KRONICK
MOSKOVITZ
TIEDEMANN
& GIRARD

September 7, 2023

**<u>OVERNIGHT DELIVERY</u>**

Nevada Business Center
Attn: Matthew Taylor
701 South Carson Street, Suite 200
Carson City, NV 89701

Re:     Turnover and Access

Mr. Taylor:

Please be advised that this office represents Kimberly J. Husted ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of David R. Michal ("Debtor"). The Debtor is the Chapter 7 debtor in Eastern District of California Bankruptcy Case No. 22-22056. Enclosed is a copy of the order appointing the trustee and approving my employment as counsel.

Among the assets of the bankruptcy estate is the Debtor's one hundred percent interest in Reaven, Inc. ("Reaven") and Legacy Partners 314, LLC ("Legacy Partners"). Given the one hundred percent interest in these companies, the Trustee is in control of Reaven and Legacy Partners (through Reaven). See 11 U.S.C. section 541.

The Debtor testified that corporate records for Reaven and Legacy Partners are maintained at your offices, and that Reaven and Legacy Partners, operate in part, out of your offices. The Trustee is seeking access to all corporate records for these entities stored at your offices – to date. Please turnover the documents.

If you intend on refusing the Trustee's request, the Trustee demands that no further corporate records be added to what is stored at your office to preserve evidence and materials in your possession and control as the Trustee will seek to compel compliance with the Bankruptcy Court.

Please contact me no later than September 11, 2023 to inform me whether you intend on complying

Nevada Business Center
Attn: Matthew Taylor
September 7, 2023
Page 2


with the Trustee or if the Trustee should seek an order.  If you need further information regarding this matter, feel free to contact me.

Sincerely,

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation


GABRIEL P. HERRERA

GPH/bx
Enclosures

cc:      Client (via email only)

UST−100  **Appointment of Interim Trustee and Notice of Selection** (v.7.15)   USBC,EDCA

| UNITED STATES BANKRUPTCY COURT<br>Eastern District of California | |
| --- | --- |
| **APPOINTMENT OF INTERIM TRUSTEE<br>AND NOTICE OF SELECTION** | |
| **In re**<br>   David R. Michal<br><br>                                                    Debtor(s). | **Case Number**<br><br>**22−22056 − C − 7** |

Kimberly J. Husted is hereby appointed Interim Trustee of the above−named Debtor's(s') estate and Trustee if creditors fail to elect a Trustee as provided by the Bankruptcy Code. The Interim Trustee has filed a blanket bond pursuant to Federal Rule of Bankruptcy Procedure 2010(a).

If the Interim Trustee does not notify the Office of the United States Trustee and the Court in writing of rejection of the office within seven days after receipt of notice of selection, the Interim Trustee shall be deemed to have accepted the office.

  Dated: 6/6/23

                                                    Office of the United States Trustee
                                                    Region 17 −− Sacramento Office

                                                    Tracy Hope Davis
                                                    United States Trustee

                                                    Gregory S. Powell
                                                    Assistant United States Trustee

**37**

1  GABRIEL P. HERRERA, State Bar No. 287093
   *gherrera@kmtg.com*
2  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   1331 Garden Hwy, 2nd Floor
3  Sacramento, California 95833
   Telephone: (916) 321-4500
4  Facsimile: (916) 321-4555

5  Attorneys for KIMBERLY J. HUSTED,
   Chapter 7 Trustee

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9          **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10

11  In re                          | Case No. 22-2056

12  DAVID R. MICHAL,               | Chapter 7

13         Debtor.                 | **DCN: KMT-1**

14                                 | **ORDER GRANTING APPLICATION TO**
                                    | **EMPLOY KRONICK, MOSKOVITZ,**
15                                 | **TIEDEMANN & GIRARD PURSUANT**
                                    | **TO AN HOURLY FEE AGREEMENT**

16

17        After reviewing the application of Chapter 7 trustee Kimberly J. Husted ("Trustee") to

18  employ Kronick, Moskovitz, Tiedemann & Girard ("KMTG") pursuant to 11 U.S.C. § 327, the

19  declaration of Gabriel P. Herrera, the exhibits in support of the application, and good cause

20  appearing therefor,

21        **IT IS HEREBY ORDERED** that the Trustee is authorized to employ KMTG as her general

22  counsel for the purposes set forth in the application, subject to the following terms and conditions:

23        1.     No showing having been made of exceptional circumstances justifying an earlier

24  effective date [*In re THC Financial Corp.*, 837 F. 2d 389 (9th Cir. 1988)], KMTG's employment is

25  effective as of June 12, 2023, pursuant to Local Rule 2014-1(b)(1).

26        2.     No compensation is permitted except upon court order following application

27  pursuant to 11 U.S.C. § 330.

28        3.     Compensation and services rendered on an hourly basis will be at the "lodestar rate"

1  applicable at the time the services are rendered in accordance with the Ninth Circuit decision in *In*
2  *re Manoa Finance Company*, 853 F. 2d 687 (9th Cir. 1988).  No hourly rate or other term in the
3  application is approved unless unambiguously so stated in this order or in a subsequent order of this
4  court.

5        4.     All funds received by counsel in connection with this case, regardless of whether
6  they are denominated a retainer or are said to be non-refundable, are deemed to be an advance
7  payment of fees and to be property of the estate (or the debtor if exempt).

8        5.     Funds that are deemed to constitute an advance payment of fees shall be maintained
9  in a trust account in an authorized depository, which account may be either separate interest-bearing
10 account or an attorney's trust account containing commingled trust funds.  Withdrawals are
11 permitted only after approval of an application for compensation and after the court issues an order
12 authorizing disbursement of a specified amount.

13       6.     Applications for compensation may be considered more frequently than every 120
14 days for good cause shown.

15
16 Dated: June 20, 2023

17
18 _____
19 United States Bankruptcy Judge
20
21
22
23
24
25
26
27
28

2387529.1 14529.999

2

ORDER GRANTING APPLICATION TO EMPLOY KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
PURSUANT TO AN HOURLY FEE AGREEMENT

# Exhibit F

## Xiong, Bao

| | |
|---|---|
| **From:** | Oliner, Ron <ROliner@duanemorris.com> |
| **Sent:** | Tuesday, September 12, 2023 3:16 PM |
| **To:** | Herrera, Gabriel |
| **Cc:** | kh7trustee@gmail.com; Xiong, Bao |
| **Subject:** | Re: In re Michal |

Understood.  Driving now.  Will give you dates early tmro.

Sent from my iPhone


On Sep 12, 2023, at 3:12 PM, Herrera, Gabriel <gherrera@kmtg.com> wrote:

Thanks Ron.  I was in hearings all afternoon and just got back.  I also received your message on whether we intend on speaking with Judge Klein in chambers tomorrow.

I am not aware that Judge Klein will allow such a remedy through an in chambers discussion.  He will either set a special date on shortened time for a hearing or allow you to have a matter heard on shortened time on one of his specifically set hearing dates.

As of now, we plan on filing motions for turnover of the wholly owned entities and 2004 orders to obtain discovery on all entities.  If you stipulate to turnover or provide the documents or turnover of the wholly owned entities before any hearing, then there should be no issue on that aspect.  However, I understand you may want to be heard on other issues.

There is no issue with you since, as you note, most of the issues predate your involvement.  The trustee believed she would have the turnover/document issue resolved on the wholly owned entities shortly after August 31 but that has not happened.  As such, the trustee believes that it would be in the best interest of the estate for there to be an order in place.

What dates are you not available either on the 25th or before?

Thanks,



**Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | [kmtg.com](http://kmtg.com)
916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Tuesday, September 12, 2023 2:11 PM
**To:** Herrera, Gabriel <gherrera@kmtg.com>; kh7trustee@gmail.com
**Subject:** RE: In re Michal

HOLD UP – MY DATES ARE MIXED UP AND I DON'T WANT TO MISREPRESENT ANYTHING.  My travel to Texas it this week, not next week.   I rescind my request for a continuance for personal reasons.   All other reasons still applicable.

/ron



<image001.jpg>

www.duanemorris.com

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

---

**From:** Oliner, Ron
**Sent:** Tuesday, September 12, 2023 11:45 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>; kh7trustee@gmail.com
**Subject:** RE: In re Michal

Note I have removed others from this discourse.   See my comments below.

I know there is much water under the bridge which predates me.

I have also listened to some prior hearings now, as Kim suggested.

Please give me your thoughts in response to my all cap comments ASAP.

/ron

www.duanemorris.com

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

---

**From:** Herrera, Gabriel <gherrera@kmtg.com>
**Sent:** Tuesday, September 12, 2023 11:19 AM
**To:** Oliner, Ron <ROliner@duanemorris.com>; mtaylor@nvbiz.com
**Cc:** Dave Michal <dave@100xr.net>; Theresa Paugh <theresa@100xr.net>; admin@nvbiz.com; Xiong, Bao <bxiong@kmtg.com>; kh7trustee@gmail.com
**Subject:** RE: In re Michal

Mr. Oliner,

Given that you want an opportunity to respond, Judge Klein's next hearing date, other than tomorrow, is September 25 at 10 a.m. He has no other hearing date until October 18. We will request shortened time to have it heard given the local rules. *IF YOU ARE GOING TO SEEK AN ORDER RE TURNOVER, I WANT A CHANCE TO BE HEARD. I'M WILLING TO DO THIS TOMORROW BUT ONLY IF THERE IS NO BRIEFING – MEANING YOU CONTACT CHAMBERS AND INDICATE THE PARTIES SEEK THE COURT'S ASSISTANCE RE TURNOVER AND WOULD LIKE TO HOLD A BRIEF HEARING. (WE DO THIS IN JUDGE MONTALI'S COURT SOMETIMES, NOT SURE IF KLEIN IS SIMILAR).*

If you can have Mr. Taylor produce the records by the 21st, that would be great at least with respect to the wholly owned entities. However, that is the first time we have been provided any date, and we will still request a hearing to ensure there are no other delays. *I AM TOLD THIS WORKS. I HAD THIS DATE BEFORE NOW, BUT WAS TRYING TO GET A BETTER ONE.*

Also, nothing was intended to be an attack on you personally. My only point with respect to your statement that dates provided by "the Trustee and Dave don't match up," was to clarify that no dates have been provided by Mr. Michal in the twelve days since the 341 meeting of creditors (and prior to today*). I DID NOT GIVE YOU THE OTHER DATE BEFORE NOW, BUT WAS AWARE OF IT AS I WAS TRYING TO WORK WITH YOU. THUS, THE DATES DIDN'T MATCH UP, BUT I DID NOT OFFER DATES, AS YOU CORRECTLY STATE.*

If 10 a.m. does not work on the 25th, then Judge Klein would hopefully be agreeable to hearing the issue at 11:00 a.m. Appearances in the Eastern District can be done via Zoom as well. *SEE ABOVE. STILL NECESSARY?*

The trustee does not intend on continuing the 341 meeting of creditors. The debtor has had since July to produce the documents and information requested. While you have provided some of the information and bank statements (which is the only new information provided since the 341), the trustee still wants the 341 to move forward. Mr. Michal apparently decided to go out of town, the onus of which should not be put on the trustee to continue the MOC. *ASIDE FROM THE REQUEST MADE FOR*

*MY CLIENT, I HAVE A PERSONAL REQUEST TO KICK THIS OVER.   I THINK THERE IS GOOD REASON TO KICK IT OVER IN THAT WE WANT THE NEXT 341 (NUMBER 5!) TO BE THE LAST ONE.  I AM WORKING ON WHAT YOU HAVE REQUESTED AND HAVING FRANK DISCUSSIONS WITH MY CLIENT.   I NEED ALSO TO ADDRESS THE NEWLY 523 ACTION WITH THE CLIENT (HAVE ALREADY SPOKEN WITH HEALY) AND MOVING THIS WHOLE CASE FORWARD ON THE RIGHT FOOTING.   CLIENT IS BEING RESPONSIVE TO ME.  THERE IS GOOD REASON TO PUSH THIS 341 OUT FOR ALL OF THE ABOVE REASONS.   BUT, ITS NOT A GOOD DATE FORE ME EITHER.  I AM SUPPOSED TO FLY TO AUSTIN TO VISIT MY COLLEGE KID THAT FRIDAY, AND ATTEND A UNIVERSITY OF TEXAS FOOTBALL GAME.  HAVE FLIGHTS BOOKED AND PAID FOR.   ASIDE FROM THE FACT THAT A SHORT CONTINUANCE IS APPROPRIATE AND WILL OBVIATE YOU AND ME FIGHTING IN COURT, IT WOULD BE APPRECIATED BY ME PERSONALLY.*

*WHAT ABOUT A STIPULATION AND ORDER THAT FIXES HARD DATES FOR TURNOVER AND A DATE FOR 341?  KLEIN PROBABLY GIVES ME THAT IF WE GO TO COURT, THOUGH WHO KNOWS IN THIS CASE.*

Thanks,

**Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
<~WRD0060.jpg>      916.321.4334

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

---

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Tuesday, September 12, 2023 11:00 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>; mtaylor@nvbiz.com
**Cc:** Dave Michal <dave@100xr.net>; Theresa Paugh <theresa@100xr.net>; admin@nvbiz.com; Xiong, Bao <bxiong@kmtg.com>; kh7trustee@gmail.com
**Subject:** RE: In re Michal

Gabe,

Sorry that you take issue with my tenor.

I spoke with Matt Taylor.  He advises that his ankle is 'shattered' and he cannot get to the Carson City facility and the documents in order to produce them immediately, but that he and you are working something out.  He says you two have spoken, and that he has assured you – as he has me – the documents are under lock and key, accessed by no one.  Dave Michal has not touched them, if this is your worry.

I believe Dave and/or Matt can meet your client in Carson City on the 21st, but not the dates you proposed.

I will not go to the trouble of responding to your accusations that I am a liar, or that I am playing games with you.  Neither do you seem interested in a call with me and Mr. Taylor, as I have offered.

Please include this email chain with your filing, and, inasmuch as you are proceeding as highlighted below in yellow, I ask that you not proceed *ex parte*, and serve me with your papers such that we may respond.  I am glad also to appear on shortened time should you wish to bring this matter before Judge Klein, in which event please propose a couple of dates and times as I have other court hearings coming up.

Finally, we had urged a later continued 341, but could not persuade Ms. Husted on the record at the last one (the 4th MOC), so that we could make sure to get you all you needed in order to 'conclude' the MOC.   You would not continue that prior one despite my being in the case a mere few days, and then set the next one on a very short leash.  I ask again whether your client will push the MOC out a week or two so we can be sure you have what you still need.

Thank you.

/ron



<image001.jpg>

www.duanemorris.com

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
E-MAIL | BIO | VCARD

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

**From:** Herrera, Gabriel <gherrera@kmtg.com>
**Sent:** Tuesday, September 12, 2023 10:34 AM
**To:** Oliner, Ron <ROliner@duanemorris.com>; mtaylor@nvbiz.com
**Cc:** Dave Michal <dave@100xr.net>; Theresa Paugh <theresa@100xr.net>; admin@nvbiz.com; Xiong, Bao <bxiong@kmtg.com>; kh7trustee@gmail.com
**Subject:** RE: In re Michal

Mr. Oliner,

First, I take issue with the tenor of your email.  The trustee has been requesting documents and information related to the entities since July and yet we still do not have any of the records requested.  Mr. Michal testified and confirmed that the corporate records and certain other information is at the Carson City, NV address.  It was then discovered that Mr. Taylor operates a business that

provides corporate services (such as incorporation and serving as an agent for service of process). This heightened the trustee's concern given the difficulties in getting the information requested because all that should have been done was to contact Mr. Taylor – who has stated it should only take a couple of weeks to obtain the records now (the timing being an issue because he just broke his ankle) – and the simple fact that Mr. Michal could not even propose a date for the trustee to meet her at the office. Despite your statement that the dates offered by "the Trustee and Dave don't match up," Mr. Michal has yet to offer a single date since the August 31 341 meeting of creditors. Rather, he has just rejected the dates offered by the trustee.

Moreover, despite the trustee's demands not to take action and preserve the status quo with respect to the wholly owned entities, Mr. Michal subsequently had significant sums of money disbursed by Legacy Partners.

The trustee then confirmed that Mr. Michal did in fact specifically testify at his 341 meeting of creditors two weeks ago that he had not contacted Mr. Taylor for any of the records being requested by the trustee only to later change his testimony. You can order a transcript from the UST's office to confirm.

Given these issues, the trustee caused a demand to be made to at least preserve the records stored at the Carson City, NV address and only requested confirmation that he would do so. There is absolutely nothing wrong with a trustee, and the sole shareholder of the entities involved, to make such a demand. Mr. Taylor already confirmed that he will do so, so there is no issue there.

Given your client's repeated delays and still no response on a date to obtain the corporate records (at least with respect to the wholly owned entities), the trustee will ask the court for an order to have documents turned over by Mr. Taylor – including for all entities in which Mr. Michal has disclosed an interest.

Thanks,

**Gabriel P. Herrera** | Shareholder
Kronick Moskovitz Tiedemann & Girard | kmtg.com
916.321.4334

<image002.jpg>

CONFIDENTIALITY: This communication may contain confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error, and delete the copy you received.

---

**From:** Oliner, Ron <ROliner@duanemorris.com>
**Sent:** Tuesday, September 12, 2023 9:08 AM
**To:** Herrera, Gabriel <gherrera@kmtg.com>; mtaylor@nvbiz.com
**Cc:** Dave Michal <dave@100xr.net>; Theresa Paugh <theresa@100xr.net>; admin@nvbiz.com
**Subject:** In re Michal

Gentlemen,

I am counsel to Dave Michal in his bankruptcy case, pending in the Eastern District of California, Sacramento Division. Gabe Herrera is the court-appointed lawyer for the Bankruptcy Trustee in that case. Matt Taylor, Nevada Business Center, is the recipient of the attached letter, from Gabe.

The attached letter, dated September 7, was apparently <u>received by Matt's office yesterday</u>.  It came to my attention last night, even while Dave Michal and I were communicating about getting the Trustee the documents she seeks, as described in Gabe's letter.  The letter sets a <u>deadline of yesterday</u> for Matt to respond, or the Trustee will seek a turnover order.

Dave Michal is out of town presently, but we have been working to get the records described in the third paragraph of Gabe's letter to him. There has been discussion, on the record at a hearing two weeks ago, and since, about Dave meeting the Trustee at the premises in Carson City to oversee tender of corporate records for Reaven and Legacy Partners, but so far the dates offered by the Trustee and Dave don't match up.

Gabe, while you don't owe me 'notice' when you make demand such as you did in your letter, it would be appreciated and also I think helpful to your efforts here had you done so.  And, setting a deadline one business day after your letter (if it was overnighted) is antithetical.   I trust you and Matt will now sort this out, and will assist you as best I can if you wish.

If a conference call would be helpful, please let me know and I'll send call in coordinates.

/ron



<image001.jpg>

www.duanemorris.com

**Ron Oliner**
Partner

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**P:** +1 415 957 3104
**F:** +1 415 520 5308
**C:** +1 510 599 8043

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.