Aron M. Oliner (SBN: 152373)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Attorneys for David R. Michal, Debtor

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID R. MICHAL,<br><br>Debtor. | Case No. 22-22056<br><br>Chapter 7<br><br>DCN: KMT-5<br>DCN: KMT-6<br><br>**DEBTOR'S OMNIBUS RESPONSE TO CHAPTER 7 TRUSTEE'S (1) MOTION FOR TURNOVER; AND (2) APPLICATION FOR AUTHORITY TO ISSUE DISCOVERY PURSUANT TO FRBP 2004**<br><br>Judge: Hon. Christopher M. Klein<br>Date: September 25, 2023<br>Time: 10:00 a.m.<br>Place: Dept. C, Courtroom 35 |

Debtor David R. Michal ("Debtor") respectfully submits this omnibus response ("Response") to chapter 7 trustee Kimberly J. Husted's ("Trustee") Motion for Turnover [Doc 202] ("Turnover Motion") and Application for Authority to Issue Discovery Pursuant to FRBP 2004 [Doc 195] ("2004 App."), and represents as follows:

The factual allegations in the Turnover Motion and 2004 App. are essentially identical. The Trustee contends that the Debtor has delayed in producing certain records and other documents related to (1) entities in which the Debtor and his non-filing wife have a 100%

ownership interest (either directly or indirectly) (the "100% Entities"); and (2) several other entities in which the Debtor and/or his wife have only a partial ownership interest or no interest (either directly or indirectly) (the "Partially Owned Entities").

The Turnover Motion seeks turnover and control of the 100% Entities – namely Reaven, Inc. ("Reaven") and Legacy Partners 314, LLC ("Legacy"), as well as a third entity called DRC Properties, LLC ("DRC").[1] The 2004 App., in turn, seeks authority to serve discovery on the Debtor, Matthew Taylor ("Mr. Taylor") and Nevada Business Center, LLC concerning both the 100% Entities and Partially Owned Entities.

Notably, the Debtor's undersigned counsel does not represent any of the Partially Owned Entities. These are represented by separate counsel, Aaron W. Moore of Moore & Bogener, Inc. in Redding, California.[2] It is the Debtor's understanding that Mr. Moore will respond separately to the 2004 App. on behalf of the Partially Owned Entities. Accordingly, in this Response, the Debtor responds to the Turnover Motion and 2004 App. only on behalf of himself and the 100% Entities, i.e., those entities that are 100% controlled by the Debtor.

To that end, the Debtor does not intend to "play keepaway" or otherwise interfere with the Trustee's administration of the estate. Indeed, the Debtor's undersigned counsel, who only recently substituted into this case (the Order approving the substitution was entered on September 13), has worked diligently with the Trustee's counsel to address the Trustee's requests for documents and information (as the Trustee's counsel can attest).

That said, and with due respect to the Trustee and her counsel, the Debtor must highlight salient facts that were omitted from the Turnover Motion and 2004 App., summarized as follows:

---

[1] Reaven and Legacy are 100% Entities. Debtor's undersigned counsel is uncertain as to whether DRC is also a 100% Entity, and at this writing has not been able to confirm with the Debtor DRC's status.

[2] The Debtor cannot unilaterally agree to produce documents on behalf of the Partially Owned Entities, as the interests of other parties with ownership interests must be taken into account. Accordingly, the Partially Owned Entities have separate counsel because, among other things, there may be conflicts of interest between the Debtor and other parties with ownership interests. These parties may also have privacy and confidentiality concerns that need to be addressed by separate counsel.

- Undersigned counsel was retained literally days before the fourth meeting of creditors in this case, conducted August 31 ("4th MOC").[3] There was much for counsel to absorb, including reviewing the docket, conferring with prior counsel, obtaining and reviewing documents that had been turned over to the Trustee, and determining what was still demanded or owing. Accordingly, the undersigned asked that the 4th MOC be briefly continued. Trustee's counsel refused and the meeting proceeded, with Mr. Michal testifying for close to two hours. The Trustee then set a further continued meeting of creditors ("5th MOC") for September 22, despite the undersigned urging for more time given travel plans and upcoming hearings in other matters. The Trustee, however, could not be persuaded, although on September 19, she agreed to move the date after filing the instant motions.

- In the Turnover Motion (¶ 25) and 2004 App. (¶ 25), Trustee's counsel relates that following the 4th MOC, the Trustee sought to obtain business records from the Debtor and offered dates for a meeting with the Debtor. The Trustee then goes on to say that "as of September 8, 2023, "a date still had not been proposed[.]" Id., ¶ 27. While this is so, the Trustee neglects to say in her papers (signed September 13 and filed September 14) that on September 12 – <u>two days before the Trustee's motions were filed</u> – Debtor's counsel proposed a meeting date of September 21. The Trustee has not responded.

- In the time between the 4th MOC (August 31) and the filing of the Turnover Motion and 2004 App. (September 14), Debtor's counsel has been in constant communication with Trustee's counsel, providing requested information, arranging for production of documents and access to tangible assets, and attempting to confirm a mutually agreeable date for a meeting with the Debtor in Carson City, Nevada, at the Trustee's request.

- As the Trustee and her counsel have been informed, Mr. Taylor has a shattered ankle, is on home rest, and cannot go to the Carson City property on the Trustee's offered dates to open the offices and produce documents, although he has assured the Trustee all documents are protected and preserved.

---

[3] All date references herein are in 2023.

DM3\9909717 H4580/00001      3

- The Debtor has cooperated with the Trustee in entering into a stipulation to extend the discharge objection deadline (filed and approved by the Court on September 6, 2023).

- On August 31, the Debtor sent to Trustee's counsel documents including auto loans on two vehicles, checking and credit union statements, and other documents. On September 8, the Debtor provided Trustee's counsel an electronic link with copies of various other bank accounts, including checking and saving accounts, as requested by the Trustee. On September 12, it having come to the undersigned's attention that Trustee's counsel had separately contacted Nevada Business Center, where corporate records for the 100% Entities are located, the undersigned immediately sent an email to Trustee's counsel and to Mr. Taylor at Nevada Business Center offering to assist with turnover.[4]

- On September 18, the Debtor produced records on a rolling basis responsive to the Trustee's most recent requests for documents, including over seventy separate corporate records for the 100% Entities. On September 19, the Debtor provided additional responsive documents.

As this record demonstrates, the Debtor has not purposefully delayed the Trustee. To the contrary, Debtor's counsel – who, again, just substituted into this case – has worked cooperatively with the Trustee and her counsel to provide documents, information, and access to estate property as best as possible under the circumstances. Despite these well-documented efforts, the Trustee refused even a modest delay of any of the 4th MOC, the Turnover Motion or the 5th MOC.

Nonetheless, in an effort to resolve the Turnover Motion, the Debtor proposes as follows: that the Court set a deadline of October 6 for the Debtor and 100% Entities to turnover any remaining documents, and a date of October 13 for the 5th MOC. With respect to the 2004 App., the Debtor does not have any objection to the entry of an order under Rule 2004 vis-à-vis the Debtor and 100% Entities, reserving rights to raise any appropriate objections once Debtor's counsel has an opportunity to review the discovery requests.

---

[4] The Debtor has not appended to this filing copies of these various communications as they should not be contested. The point is that communications between counsel have been regular and constant in the short tenure since the undersigned was hired.

As noted above, the undersigned does not represent the Partially Owned Entities. This fact, and the identity of counsel to the Partially Owned Entities (Aaron Moore) was made known to Trustee's counsel before the instant papers were filed and, at the suggestion of the undersigned, were apparently served on him. It is anticipated that Mr. Moore will appear at the hearing on September 25, 2023, and speak on behalf of his clients.

Dated: September 20, 2023　　　　　　　**DUANE MORRIS LLP**

　　　　　　　　　　　　　　　　　　　By: /s/ Aron M. Oliner (152373)
　　　　　　　　　　　　　　　　　　　　　ARON M. OLINER

　　　　　　　　　　　　　　　　　　　　Attorneys for Debtor, DAVID R. MICHAL