**3**

ANTHONY ASEBEDO (State Bar No. 155105)
**REYNOLDS LAW, LLP**
3001 Douglas Blvd., Ste. 225
Roseville, CA 95661
Telephone:  (916) 679-5550
Email:  anthony@reynoldslawllp.com

Attorneys for creditor Steven D. Schisler

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| **In re:**<br><br>DAVID R. MICHAL,<br><br><br><br>Debtor. | CASE NO.:  22-22056-C-7<br>Docket Control No.:  RLL-1<br>(Countermotion to D.C. No. DM-1)<br><br>DATE:   January 10, 2024<br>TIME:   10:00 a.m.<br>DEPT.:  C (Courtroom 35)<br><br>**Hon. Christopher M. Klein** |

**CREDITOR STEVEN D. SCHISLER'S COUNTERMOTION
FOR AN ORDER DEEMING PROOF OF CLAIM TIMELY FILED
[Fed. R. Bankr. P. 3002(c)]**

Steven D. Schisler ("Schisler"), as a response to the objection (bearing Docket Control No. DM-1) filed by David R. Michal to Schisler's proof of claim, hereby requests an order extending the time for the filing of his proof of claim so as to deem it timely filed.  In support of this countermotion, Schisler respectfully represents as follows:

1.     This involuntary chapter 7 case was initiated against the Debtor on August 18, 2022.  See Request for Judicial Notice ("RJN"), Exh. 1, at 4 (ECF Docket, entry No. 1).  The Order for Relief was entered on June 6, 2023.  See id. Exh. 1, at 14 (entry of order Doc. 111), and shortly thereafter Kimberly J. Husted was appointed as chapter 7 trustee.

2.     On November 1, 2022, David R. Michal (the "Debtor") filed the List of Creditors required by Federal Rule of Bankruptcy Procedure 1007.  Id. Exh. 1, at 8 (filed at Doc. 42).  But that list did not include Schisler. See id. Exh. 4, at 31-32 (Statement of Creditors) .  As a

- 1 -

1  consequence, Schisler was not included as a recipient of notice of the Judgment for Relief and

2  notice of the chapter 7 trustee's appointment.  See RJN, Exh. 5, at 33 (Certificate of Mailing;

3  Schisler not listed).

4       3.     Once the Order/Judgment for Relief was entered, the Debtor filed schedules and

5  a Verification of List of Creditors which again failed to include Schisler.  Id., Exh. 6, at 35

6  (Sched. E/F); Exh. 7, at 42 (Amended Verification of Master Address List).  As such, when the

7  court's Notice to Creditors to File Proof of Claim was dispatched on July 7, 2023, Schisler was

8  not among the parties that received notice by mail.  Id. Exh. 8, at 45.  The deadline for filing

9  claims in this case was October 16, 2023 (the "Bar Date").

10       4.     It was only once Schisler was contacted by the case trustee and was cooperating

11  with her in answering questions about Schisler's pre-petition business relationship with the

12  Debtor that Schisler learned, during a phone conference on October 24, 2023, that filing a proof

13  of claim would be necessary to obtain any dividend from the bankruptcy estate.  Schisler filed

14  his Proof of Claim, denoted as Claim No. 7 (the "Claim"), the very next day.  See Declaration of

15  Steven D. Schisler, submitted herewith, ¶¶ 7-9.

16       5.     Under Federal Rule of Bankruptcy Procedure ("Rule") 3002(c)(6):

17            On motion filed by a creditor before or after expiration of the time to file a

18  proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion.  The motion may be granted if the court

19  finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

20       6.     Notice to Schisler was clearly insufficient to give him a reasonable time under

21  the circumstances to file a timely proof of claim.  Schisler, who is not experienced in

22  bankruptcy matters and did not have counsel for this bankruptcy until well after the Debtor filed

23  his objection to the Claim, did not learn of the Bar Date until after the Bar Date had run, and this

24  was not due to a failure or fault of Schisler.  See Schisler Decaration ¶¶ 7-9.

25       7.     Based on the circumstances of this case, under which notice of the Bar Date

26  made impossible a timely claim, the Bar Date is subject to extension pursuant to Rule

27  3002(c)(6), so as to make the Claim timely filed.

28  / / /

RLL-1 Extend Bar Date CMot

**WHEREFORE**, Schisler respectfully requests that the court enter an order extending the Bar Date so as to deem the Claim timely filed, and providing for such other relief as the court may deem proper.

Respectfully submitted,

REYNOLDS LAW, LLP

Dated: December 26, 2023     By: _____

Anthony Asebedo
Attorneys for Steven D. Schisler

RLL-1 Extend Bar Date CMot