GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| IIn re<br><br>DAVID R. MICHAL,<br><br>Debtor,<br><br>and<br><br>REAVEN, INC., LEGACY PARTNERS 314, LLC, DRC PROPERTIES, LLC, STEWARDSHIP PARTNERS GROUP, LLC, EVERLASTING INVESTMENTS, LLC, and ELIAS MICHAL VENTURES, LLC,<br><br>Substantively Consolidated Debtors. | Case No. 22-22056<br>Chapter 7<br><br>DCN: KMT-15<br><br>**DECLARATION OF ROSS ABBASI IN SUPPORT OF APPLICATION FOR COMPENSATION OF BROKER CITIZENS CHOICE REALTY**<br><br>Judge: Hon. Christopher M. Klein<br>Date: December 3, 2024<br>Time: 10:00 a.m.<br>Dept.: C, Courtroom 35 |

I, Ross Abbasi, declare as follows:

1. I am an agent for Citizens Choice Realty ("Broker"), the broker for Kimberly J. Husted ("Trustee"), the trustee for the bankruptcy estate of David R. Michal ("Debtor"). I am familiar with the business operations of the Broker and also the books and records of the Broker as it relates to this matter. Unless stated otherwise, this declaration is based upon my own personal knowledge and if called as a witness, I could and would competently testify to the facts set forth herein. I make this declaration in support of the application for compensation of the Broker.

///

2. I understand that on or about May 22, 2024, the Court entered an order granting KMT-10, the Trustee's application to employ the Broker to market the estate's interest in certain real property commonly known as 1207 East Street, Redding, California ("Subject Property"). The listing agreement and addendum provided, among other things, that the list price for the Subject Property would be $2,500,000 and the Broker's commission (which may be shared with a buyer's broker) would be 5% of the sale price.

3. Prior to the application and order, the Trustee requested that I perform services on the bankruptcy estate's behalf. The Trustee asked me to travel to various properties to investigate the properties and evaluate the potential value of the real properties compared to liens. I began performing these services in about August and September 2023.

4. When the original services were rendered, I was aware that there were potential issues that needed to be resolved in order to sell any of the real properties. However, if those issues were resolved, the Trustee would hire me to sell some (or all) of the real properties in which I would be compensated on a commission fee basis. A commission fee is the normal and customary manner in which real estate brokers are compensated and how I understood I would be compensated.

5. After I was employed by the Trustee through court order, I was under the impression that I would be able to attempt to market and sell the Subject Property. I began performing additional services to assist the Trustee, which I kept track of. However, unbeknownst to me, the sale of the Subject Property would be unnecessary as I understand that the Trustee entered into a settlement agreement with the Debtor that would be significantly beneficial to the bankruptcy estate.

6. I am happy that the Trustee was able to resolve the issues with the Debtor, which did not require the liquidation of any real property. The Trustee has asked that I still seek compensation for the time I incurred in the case as I understand my services significantly assisted the Trustee. In total, I spent 41.9 hours on this matter for a total of $12,570.00, of which 8.9 hours for a total fee of $2,670.00 were incurred prior to effective date of the order of employment. A true and correct copy of a spreadsheet I prepared identifying the services rendered and the charges incurred are filed herewith as **Exhibit B**.

///

4858-4294-7546.1 014529.014

2

7. A charge of $300 per hour is a reasonable and customary hourly fee for the services rendered.

8. No agreement or understanding exists between the Broker and any other entity for the sharing of compensation to be received for services rendered in connection with this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of November, 2024, at Mount Shasta, California.

_____
ROSS ABBASI